# DECISIONS

OF THE

# Supreme Court of Florida.

## JANUARY TERM, A. D. 1906.

J. Henry Baker, Plaintiff in Error, v. The State of Florida, Defendant in Error.

CRIMINAL LAW—DEFENDANT NOT ENTITLED TO LIST OF STATE WITNESSES—WHEN GENERAL CHARACTER OF WITNESS MAY BE SHOWN—CHARGING ON PROBABILITIES OF INNOCENCE.

1. A defendant in a criminal case is not entitled to be supplied with a list of the State's witnesses who are to testify against him.

2. Under the provisions of section 1097 Revised Statutes the *general character* of a witness, *who has been convicted of any crime*, may be enquired into to affect his credibility, but in such cases the inquiry should be confined to *general character*, and should not be extended to *particular phases* or *traits* of character, such as want of chastity. In cases where the witness has not been shown to have been convicted of any crime, his *general character* cannot be inquired into to affect his credibility, but in such a case the only inquiry permissible is as to the witness' character for *truth* and *veracity*. A witness' want of chastity cannot be inquired into in any case for the sole purpose of affecting his or her credibility as a witness.

3. Neither the guilt nor innocence of an accused should ever be tested by "probabilities." An accused, therefore, has no right to a charge resisting his acquittal or conviction upon *"probabilities"* of his guilt or innocence.

This case was decided by Division B.

Writ of Error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the Court.

*Hardee & Rowe,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J. The plaintiff in error was indicted in October, 1903, in the Circuit Court of Madison county for the crime of murder in the first degree; he was tried in April, 1905, and convicted of manslaughter, and seeks to reverse the judgment and sentence imposed by writ of error.

Before entering upon the trial the defendant moved the court to direct the State Attorney to furnish him with a list of the witnesses which the State proposed or expected to use in the trial of said cause. The court overruled the motion, to which ruling exception was duly taken, and it is assigned as error. There was no error here. Section 2901 of our Revised Statutes provides that in all trials for felony the accused shall be furnished with a copy of the indictment or information, and a panel of the jury, but this statute makes no mention of his being supplied with a list of the State's witnesses who are to testify against him, and we have no other statute that gives him such right. We can very well see the propriety of supplying the defendant in a criminal case with a copy of the indictment upon which he is to be tried, and also with a list of the jurors by whom he is to be tried, but what legitimate use he could make of a list

of the State's witnesses against him it is difficult to discover, unless it be proposed to use such list as a guide for the enforcement of an order putting the witnesses under the exclusion rule. For this latter purpose, however, no such list in the defendant's hands is necessary, since the practice in cases where witnesses are put under the exclusion rule, is for the court to require both sides to call over the names of the witnesses they propose to use, and then to publicly proclaim an order that all such witnesses and all witnesses in the case be put under the rule excluding them from the court room while another witness is testifying. The record in this case, however, does not show that there was any effort or purpose on the part of the defendant to put the witnesses under the exclusion rule. Mann v. State, 22 Fla. 600, text 609.

On cross-examination of a female witness for the State, who was present and witnessed the difficulty, the defendant's counsel asked the witness, after she had answered that she had never been married, if she had not recently given birth to a child, and proposed further to prove by the witness that she was the mother of several bastard children, but to this interrogation the State objected on the ground that it was not in pursuit of the direct examination of the witness, and because it was irrelevant and immaterial. The judge sustained the objections to which rulings exceptions were taken, and they are assigned as error.

There was no error here. The fact whether or not the witness had ever given birth to illegitimate children was not at all pertinent or relevant to any issue in the case, or to anything deposed by the witness on her direct examination, and the only purpose is propounding them was to degrade the witness and thereby to affect her credibility. Except in the case of a witness who has been con-

victed of some crime, as provided for by section 1097 of
our Revised Statutes, when his general character may be
inquired into to affect his credibility, the settled rule here
is that when the character of a witenss is gone into the
only proper subject of inquiry is as to his reputation for
*truth and veracity.* Unless he is a convict of some crime,
neither his general character, nor particular phases or
traits of character can be inquired into, but the inquiry
must be confined to his reputation or character for *truth*
and *veracity.*      Mercer v. State, 40 Fla. 216, 24 South.
Rep. 154. Adkinson v. State, 48 Fla. 1, 37 South. Rep. 52:.
There is nothing in the record tending to show that this
witness had ever been convicted of any crime, but even
if she had been, such fact, under the provisions of section
1097 Revised Statutes, would have subjected only her
*general character* to exposure for the purpose of affecting
her credibility, and not any particular *trait* of character
such as want of chastity. 2 Wigmore on Evidence, sec-
tion 924.

The defendant requested the court to give the follow-
ing instruction: "If there is in your minds a probability
of the defendant's innocence you should acquit him." The
court refused to give this instruction, and such ruling
was duly excepted to and is assigned as error.    There
was no error here.   A defendant on trial for crime has
the right to have the jury instructed to acquit him if they
have a reasonable doubt as to his guilt after careful con-
sideration of all the evidence.   The defendant got the
full benefit of such right at his trial by a correct charge
on the subject of reasonable doubt, and he had no right
to have the court go further and confuse and becloud the
minds of the jurors by a charge on *"probabilities"* either
as to his guilt or innocence.  The administration of law,
particularly of the  criminal law,  should be an  exact

science, and the guilt or innocence of an accused should never be tested by *"probabilities."* McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734. Cook v. State, 46 Fla. 20, 35 South. Rep. 665. But without this, the charge here was properly refused because of its failure to embody the idea that a probability of the defendant's innocence existing in the minds of the jury, in order to entitle him to an acquittal at their hands, must have entered their minds from the evidence or lack of evidence at the trial.

Various charges given by the court to the jury are assigned as error. It will subserve no useful purpose to rehearse such charges here, we have given each one complained of careful consideration and find no error in any of them. If there is any tendency to error in any of them it is because they are too favorable to the defendant, and of this he cannot complain.

The denial of the defendant's motion for new trial is also assigned as error. We have already disposed of all of its grounds except the ground that the verdict is contrary to the evidence. This ground we cannot consider because none of the evidence in the case has been presented to us in the record.

Finding no errors the judgment of the Circuit Court in said cause is hereby affirmed, at the cost of the county of Madison, the plaintiff in error being adjudged insolvent.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.