JEREMIAH DAVIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 20, 1914.

1. The declaration or exclamation of a person who had been shot, within one or two minutes after the firing of such shot and just prior to his death, which ensued almost immediately from the wound so inflicted upon him, that the defendant and one other person, whom he designated as "Skeet," had

6—Vol. 68

shot him, is admissible in evidence as part of the *res gestae* in a prosecution for murder against the person so named by such deceased person.

2.  When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial, and there is evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence.

Writ of error to Circuit Court for Calhoun County; D. J. Jones, Judge.

Judgment affirmed.

*Price & Price* and *J. Frank Adams,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—Having been convicted of murder in the first degree and sentenced to death, Jeremiah Davis seeks relief here by writ of error.

Three errors are assigned, the first two of which are based upon the admission of certain testimony, and the third upon the overruling of the motion for a new trial. The first two assignments are argued together, each being predicated upon the refusal of the trial court to strike the testimony of two witnesses for the State as to what Charlie Davis, with the unlawful killing of whom the defendant was charged, said to such witnesses as to who shot him. The bill of exceptions discloses that one of the witnesses, Charlie Jackson, testified that he was within about twenty-five or thirty steps of the deceased when the gun

fired which killed him and that the witness went directly to the deceased as soon thereafter as he could walk to him, estimating the time at one or two minutes, when the deceased stated to the witness that the defendant and one oher person, whom he designated as "Skeet," had shot him. We are of the opinion that the trial court correctly ruled that this statement formed part of the *res gestae* and, therefore, did not err in refusing to strike it out. See Williams v. State, 58 Fla. 138, 50 South Rep. 749, and authorities therein cited. This applies with like force to the statement made by the deceased to the other witness, Mary Davis, so that it becomes unnecessary to set out the details.

The only grounds of the motion for a new trial which are argued are those which question the sufficiency of the evidence to support the verdict. After a careful examination of all the evidence we are of the opinion that it is amply sufficient. The trial court refused to disturb the verdict and we must do likewise. See Williams v. State, *supra.*

Judgment affirmed.

TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.