CLAUDE CARTER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 30, 1914.

1. In a prosecution for carnal intercourse with an unmarried female, who was at the time of such intercourse under the

age of eighteen years, no error is committed in permitting such prosecuting witness to testify, over the objection interposed by the defendant, as soon as such witness had taken the witness-stand and before any questions had been propounded to her, upon the sole ground that such witness held an infant child upon her lap or in her arms, it not having deveolped whose child it was or that such child was in any way connected with the case.

2. Because a cross examination shakes the credibility, or demonstrates the inaccuracy and unreliability of the evidence deposed by a witness on his direct examination, this furnishes no reason for striking out such evidence in toto, but if it is otherwise proper evidence, it, with its expose by the cross-examination, remains for consideration by the jury at its worth.

3. The matter of one whose age is a material fact in a criminal prosecution, who knows her age independently of any record thereof, may be permitted to testify to her age, even though the date of the birth of the one whose age is material had been written down by the mother or at her instance or request in the family Bible, which is not produced in evidence.

4. The arguments and comments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion, unless a clear abuse thereof has been made to appear.

Writ of Error to Circuit Court for St. Johns County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*G. W. Bassett* and *W. A. MacWilliams,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant for the State.

SHACKLEFORD, C. J.—Claude Carter was indicted and tried for the crime of having carnal intercourse with Della Godwin, an unmarried female, who was at the time of such intercourse under the age of eighteen years, which trial resulted in the conviction of the defendant and to his being sentenced to imprisonment in the State prison for the term of one year.

The first assignment of error is as follows: "The court erred in overruling defendant's objection to the witness, Della Godwin, holding an infant child upon her lap during the giving of her testimony and while said witness was upon the witness-stand."

We find that the bill of exceptions discloses the following proceedings, which form the basis for such assignment: "Immediately after the said witness had been sworn and before plaintiff's attorney proceeded to interrogate the said witness, Della Godwin, the defendant by his attorneys interposed the following objection, (witness having, at the time she was sworn and took the witness stand, an infant child in her arms); 'If your Honor please, before this witness is permitted to be examined by the State, the defendant desires to offer objection to the witness holding the infant child upon her lap during the giving of her testimony and while on the witness stand for the reason that the same is highly prejudicial to the interest of this defendant.' And the Judge did then and there deliver his opinion and decide that the objection of the defendant should be denied and overruled the same. To which opinion and decision of said Judge said defendant did then and there except."

10—Vol. 68

No error is made to appear here. The evidence at that time had not developed whose child it was that the witness held in her lap or that such child was in any way connected with the case. The mere fact that the witness held a child in her arms when she took the witness stand forms no objection to her being examined as a witness.

The second assignment is as follows: "The court erred in denying and overruling defendant's motion to strike the testimony of Mrs. A. A. Godwin, a State's witness, as to the age of the prosecuting witness, Della Godwin. And erred in overruling defendant's objection to said testimony."

This assignment has not been sustained. The witness, Mrs. A. A. Godwin, had testified that she was the mother of Della Godwin, and had further testified as to the age of Della Godwin, without objection having been interposed by the defendant. Upon cross-examination, the witness apparently became somewhat confused as to the age of some of her other children and as to the dates of their respective birth and stated that she had at her home the record of all their births. The bill of exceptions then discloses the following: "At this stage of the proceedings defendant by his attorneys moved the Court to strike the testimony of the witness as to the age of the prosecuting witness, Della Godwin, on the ground that the witness has stated, she is testifying from a record that she made at the time. That being true, the record is the best evidence and we demand the record." The overruling of this motion constitutes the basis for this second assignment. Suffice it to say that the witness, in response to questions addressed to her by the court, stated positively that she knew the age of her daughter, Della, and was sure of it, independent of any record which had been made and would have been just as sure of her

daughter's age if she had never consulted the record which had been made of it. We held in Hampton v. State, 50 Fla. 55, 39 South. Rep. 421, "because a cross examination shakes the credibility or demonstrates the inaccuracy and unreliability of the evidence deposed by a witness on his direct examination, this furnishes no reason for striking out such evidence in toto, but if it is otherwise proper evidence, it, with its expose by the cross-examination, remains for consideration by the jury at its worth." This principle we have adhered to in several subsequent decisions. See also Bynum v. State, 46 Fla. 142, 35 South. Rep. 65, wherein we held that "the father of one whose age is a material fact in a criminal prosecution, who knows her age independently of any record thereof, may be permitted to testify to her age, even though he had written the date in the family Bible, which is not produced in evidence." Certainly this would apply with equal force to the mother.

The several remaining assignments which are urged before us all relate to certain language used by the State Attorney in his argument to the jury, to which the defendant seasonably objected and duly excepted to the adverse rulings by the court. We do not deem it necessary to copy such language, but content ourselves with stating that we have given the same a careful examination and are of the opinion that these assignments have not been sustained. As we held in Putnal v. State, 56 Fla. 86, 47 South. Rep. 864, "The arguments and comments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of the trial court." No abuse of this judicial discretion in the instant case has been made to appear to us. We would also refer to Adams v. State, 54 Fla. 1, 45 South. Rep. 494, and to note found on page 650 of 46 L. R. A.

No reversible errors having been made to appear to us, the judgment must be affirmed.

TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., takes no part.