WILLIAM YOUNG, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion filed Oct. 26, 1915.

1. Grounds of a motion for a new trial are not self-supporting,
   and, where one of such grounds is based upon alleged facts
   which have no basis in the transcript, such ground cannot be
   considered by an appellate court.

2. The arguments and comments of counsel in the progress of a
   trial before a jury are controllable in the judicial discretion of
   the trial court, and an appellate court will not interfere with
   the exercise of such discretion, unless a clear abuse thereof has
   been made to appear.

3. When the trial court concurs in the verdict rendered by a jury
   by denying the motion for a new trial, and there is evidence
   to support it, an appellate court should refuse to disturb it,
   in the absence of any showing that the jurors must have been
   improperly influenced by considerations outside the evidence.

Writ of Error to Circuit Court, Franklin County;
E. C. Love, Judge.

Judgment affirmed.

*R. Don McLeod, Jr.,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,*
Assistant, for the State.

SHACKLEFORD, J.—William Young seeks relief from
a conviction of the crime of assault with intent to commit
rape.

Only one error is assigned, which is based upon the overruling of the motion for a new trial. The first ground thereof complained of improper conduct upon the part of the State Attorney in the selection of the jury for the trial of the defendant, but we cannot consider it for the reason that it has no basis in the transcript, as no such facts of which complaint is made appear therein. Smith v. State, 65 Fla. 56, 61 South. Rep. 120, and Mathis v. State, decided here at the present term. As we held in Smith v. State, 57 Fla. 24, 48 South. Rep. 744, "The assertions of facts contained as grounds of a motion for new trial are not self-verifying before an appellate court, and unless the truth of such assertions is elsewhere properly disclosed by the record, an appellate court cannot consider assignments of error predicated thereon." Also see Noble v. State, 68 Fla. 1, 66 South. Rep. 153.

The second ground of the motion relates to certain language used by the State Attorney in his argument to the jury, wherein he referred to one of the witnesses who had testified on behalf of the defendant as "that lying woman," to which language the defendant seasonably objected and duly excepted to the adverse ruling of the court. This ground of the motion is also based upon the following language used by the State Attorney in the further progress of his argument, referring to the same witness, "miserable, spying bitch," to which language the defendant also objected, upon which objection the court did not rule but stated to the State Attorney that there was no testimony as to the character of such witness and that such comment was improper. As we held in Carter v. State, 68 Fla. 143, 66 South. Rep. 1000, "The arguments and comments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of

the trial court, and an appellate court will not interfere with the exercise of such discretion, unless a clear abuse thereof has been made to appear." Also see our discussion in Putnal v. State, 56 Fla. 86, 47 South. Rep. 864; Adams v. State, 54 Fla. 1, 45 South. Rep. 494; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312, 12 Ann. Cas. 150. In view of the character of the testimony and the fact that the trial judge informed the State Attorney that his comment upon the character of such witness was improper, we are not prepared to declare that a clear abuse of judicial discretion has been made to appear. We would call especial attention to what we said upon this point in Clinton v. State, *supra*.

The remaining grounds of the motion question the sufficiency of the evidence to support the verdict. No useful purpose would be accomplished by setting forth or discussing the evidence adduced. As we held in Davis v. State, 68 Fla. 81, 66 South. Rep. 429, following prior decisions of this court, "When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial, and there is evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence."

The judgment must be affirmed.

COCKRELL, WHITFIELD and ELLIS, JJ., concur.

TAYLOR, C. J., absent on account of illness.