Z. GRAHAM, *Plaintiff in Error*, v. THE STATE OF FLOR-IDA, *Defendant in Error*.

## Opinion Filed Dec. 19, 1916.

1. The arguments and comments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion, unless a clear abuse thereof has been made to appear.

2. When a defendant in a criminal prosecution conceives that the State Attorney has used improper and harmful language in his argument to the jury, in order to have the same reviewed by an appellate court it must be made to appear that such language was brought to the attention of the trial court, a ruling obtained thereon and exception taken to such ruling.

3. Requested instructions, though announcing correct principles of law applicable to the case, are properly refused where such principles are fully covered in other instructions given at the trial, even though couched in different language.

4. A requested instruction relating to self-defense is properly refused when, taken as an entirety, it does not contain a correct statement of the law upon self-defense.

5. Detached portions of a charge should be considered in connection with the charge as a whole, and with the evidence adduced at the trial; and when so considered, if they are not subject to the criticism urged against them the assignments of error based thereon fail.

6. Where a charge or an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if subsequent instructions are given containing the required qualifications or exceptions. It is not required that a single charge or instruction should contain all the law relating to the particular subject treated therein.

7. In determining the correctness of charges and instructions, they should be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail.

8. In passing upon a single instruction or charge, it should be considered in connection with all the other instructions and charges bearing on the same subject; and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury.

9. The statutes of this State do not require or make it necessary that a verdict of assault with intent to commit murder shall state the degree of murder, but where the verdict returned finds the defendant guilty of an assault with intent to commit murder in the second degree, and the trial court has concurred in such verdict by denying the motion for a new trial, an appellate court will refuse to disturb such ruling when an examination of the evidence disclosed that it is amply sufficient to support such verdict.

10. While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to

support the verdict, and there is nothing in the record to in-
dicate that the jury were not governed by the evidence, a re-
fusal of the trial court to grant a new trial on the ground
of the insufficiency of the evidence to sustain the verdict will
not be disturbed by the appellate court.

11. No error is committed in refusing a requested instruction
that the wife of the defendant has been sworn as a witness
in his behalf. The fact that she is his wife does not exclude
her as a witness and you will judge as to the credibility of her
testimony as you would that of other witnesses, when the State
had interposed no objection to the wife of the defendant tes-
tifying in his behalf, so that point was not involved.

12. Instructions that pick out and emphasize certain phases of the
evidence, especially such as relate to isolated facts which are
not questioned and are not conclusive of the merits of the
case, are properly refused.

13. Neither the guilt nor innocence of an accused should ever be
tested by "probabilities." An accused, therefore, has no right
to a charge resting his acquittal or conviction upon "proba
bilities" of his guilt or innocence.

Writ of Error to Circuit Court, Marion County; W.
S. Bullock, Judge.

Judgment affirmed.

*Bullock & Trantham,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,*
Asistant, for the State.

SHACKLEFORD, J.—Z. Graham was indicted for the
crime of assault with intent to commit murder, was tried
before a jury, was convicted of an "assault with intent
to murder in the second degree," and was sentenced to

confinement in the State prison at hard labor for a period of one year.

The first assignment argued before us is based upon the overruling of the motion for a new trial and the point urged is the 17th ground thereof, which is as follows:

"17. Because, the issue having been joined between the State and the defendant, and testimony on behalf of the State and the defendant having been produced, and argument on behalf of the defendant having been concluded, the State Attorney did, over the objection and protest of defendant's attorney, address and harangue the jury on the fact that the defendant had been convicted of striking a woman with a rifle, which said fact had been stricken from the evidence, using substantially the following words: 'Why this man is a bad man with a rifle. He carries it around and uses it mighty promiscuous. He shoots a man with it from one end and then turns it around and beats a woman over the head with the other end. I am sure glad he don't live in Inverness,' and other words to the same effect; thereby seeking to influence and influencing the minds of the jury with the idea that the defendant was a trouble maker and a lawless man, to the prejudice of the defendant's rights, and with the result that a fair and impartial trial was not had before the said jury."

We find that the bill of exceptions discloses the following proceedings:

"After the conclusion of the evidence on behalf of the parties, and after argument by the attorneys for the defendant, the State Attorney, in addressing the jury, did comment on the fact that the defendant had struck a woman over the head with his rifle. Attorneys for the defendant objected to this method of argument on the

ground that there was no evidence before the jury to justify such argument. The court thereupon instructed that counsel must confine their arguments to the testimony adduced before the jury and ruled that the testimony upon which such argument was based had been stricken out. Thereupon the State Attorney, later in his address to the jury, again harangued the jury on the fact that defendant had been convicted of striking a woman with his rifle, which said fact had been stricken from the evidence, and over the objection and protest of defendant's attorney, and in disregard of the instructions and ruling of the court, using substantially the following words: 'Why this man is a bad man with a rifle. He carries it around and uses it mighty promiscuous. He shoots a man with it from one end and then turns it around and beats a woman over the head with the other end. I am sure glad he don't live in Inverness,' and other words to the same effect.

"*Note*: (By the Judge) 'I was never more than ten feet away and for never more than a few moments to get some book or paper and if there was a repetition of the argument it was not called to my attention. I was in the presiding judge's chair in court room when State Attorney closed his argument. I do not mean to certify that the State Attorney "again harangued the jury that defendant had been convicted of striking a woman with a rifle," but at the conclusion of the State Attorney's argument, on motion of defendant, did instruct the jury in substance to disregard any argument not founded on the evidence and to disregard any such argument.' "

While the bill of exceptions is somewhat confusing, it is apparent that the trial judge did not intend to certify that the State Attorney had "again harangued the jury that the defendant had been convicted of striking a

woman with a rifle," after the trial judge had ruled that
the testimony upon which such argument was predicated
had been stricken and had instructed the counsel in the
case that they must confine their argument to the testi-
mony adduced before the jury.  As we held in Bradham
v. State, 41 Fla. 541, 26 South. Rep. 730, "It is improper
for counsel to add, by his own statement in argument, a
material fact, without the authority of evidence, to the
testimony as submitted to the jury.  A statement of such
a fact by counsel not authorized or proven by the evi-
dence should not be allowed to go to the jury.  The
judge should stop him at once; and if he fails to do so,
when requested, and the impropriety is great, and ex-
ception is duly taken, it is ground for a new trial."  Also
see the discussion in Newton v. State, 21 Fla. 53; Killins
v. State, 28 Fla. 313, 9 South. Rep. 711; Clinton v. State,
53 Fla. 98, 43 South. Rep. 312, 12 Ann. Cas. 150;
Adams v. State, 54 Fla. 1, 45 South. Rep. 494; Putnal
v. State, 56 Fla. 86, 47 South. Rep. 864; Carter v. State,
68 Fla. 143, 66 South. Rep. 1000; Young v. State, 70
Fla. 211, 70 South. Rep. 19.  Even if we could hold that
it has been made to appear to us that the State Attorney
for the second time used improper and harmful language
in his argument to the jury, it is clear that the same was
not brought to the attention of the trial judge, a ruling
obtained thereon and an exception taken thereto, as we
have held must be done in order to warrant a review
thereof by an appellate court.  As we held in Young v.
State, *supra,* following prior decisions of this court,
"The arguments and comments of counsel in the prog-
ress of a trial before a jury are controllable in the judi-
cial discretion of the trial court, and an appellate court
will not interfere with the exercise of such discretion
unless a clear abuse thereof has been made to appear."  The

bill of exceptions discloses that, at the conclusion of the State Attorney's argument, on the motion of the defendant, the trial judge instructed the jury to disregard any argument not founded on the evidence. It necessarily follows from what we have said that this assignment must be held not to have been sustained.

The next assignment argued before us is the third, which is based upon the refusal of the following instruction requested by the defendant:

"3.    If you find from the evidence that the defendant Z. Graham was fired at or upon by Llewellyn Olin without lawful excuse with a shot gun or pistol, and at that time there was no reasonable means at his command, within his knowledge, consistent with his own safety, to which he could resort, but to shoot in his own defense; and if you further find that under such circumstances said defendant shot at Llewellyn Olin to protect his own life and in self-defense, then you will find the defendant not guilty." We might content ourselves with stating that in so far as the requested and refused instruction embodied a correct statement of the principles of law applicable to the issues being tried, the same was more fully and correctly covered in the general charge of the court, therefore such instruction was properly refused.  As we held in Bass v. State, 58 Fla. 1, 50 South. Rep. 531, as we have likewise done in both prior and subsequent opinions, "Requested instructions, though announcing correct principles of law applicable to the case, are properly refused where such principles are fully covered in other instructions given at the trial, even though couched in different language." Also see Smith v. State, 57 Fla. 24, 48 South. Rep. 744, and Tully v. State, 69 Fla. 662, 68 South. Rep. 934.  The discussion in Stafford v. State, 50 Fla. 134, 39 South. Rep. 106, and Barnhill v.

State, 56 Fla. 16, 48 South. Rep. 251, relative to charges and instructions upon the law of self defense is helpful. Measured by the principles announced in these last two cited cases, we are of the opinion that this requested instruction was properly refused for the reason that, taken as an entirety, it does not contain a correct statement of the law upon self defense.

What we have said in treating the third assignment is also applicable to the fifth assignment, which is also based upon a requested and refused instruction.

The eleventh, twelfth and thirteenth assignments, which are argued together with the fifth assignment, are based upon certain portions of the general charge of the court which are as follows:

"4. If you find from the evidence that there was a personal difficulty between defendant and Llewellyn Olin, then you are to determine who was at fault in bringing about such difficulty. A person who is at fault and brings about a difficulty cannot be heard to acquit himself of the consequences of his act. If you find from the evidence that Llewellyn Olin had penned the hogs of defendant on another place other than defendant's place, and on the enclosed premises of the father of Llewellyn Olin, and defendant, without permission, went on the enclosed premises, tore down the pen or enclosure where the hogs were, then the defendant was a trespasser on the enclosed premises. If you find that defendant armed himself with a gun before he entered the premises, you must determine what his purpose was in arming himself. You should consider the state of feeling between the parties before the shooting and the motive or intent of defendant in going on the enclosed premises.

"To which charge the defendant then and there excepted.

"Thereupon the court gave upon its own motion the following charge to the jury:

"5.   If you find from the evidence that Llewellyn Olin had penned the hogs of defendant and defendant knew it, defendant would not have any right or authority to enter the enclosed premises of another without permission and forcibly take the hogs.   The mere fact that defendant may have been a justice of the peace for Marion County would be no reason to authorize an unlawful entry on the enclosed premises of another by him, nor any reason why he could not have any process of the law available to any other citizen.

"To which charge the defendant then and there excepted.

"Thereupon the court of its own motion gave the following charge to the jury:

"8.   If you find that the defendant unlawfully entered the enclosed premises of another at the time of the shooting, the mere fact that he may have entered unlawfully does not itself make the defendant guilty of any degree of assault, but is to be considered by you in determining who may have been at fault and whether his going on was forcible or unfriendly, and if he armed himself what his purpose was in so doing.

"To which charge the defendant then and there excepted."

No extended discussion of these assignments seems to be called for.   Taken in connection with other portions of the general charge, as they must be, we fail to find even after a careful consideration of the argument made by the defendant in his brief, wherein any reversible error was committed.   As we held in Ward v. State, 51 Fla. 133, 40 South. Rep. 177, "Detached portions of a charge should be considered in connection with the

charge as a whole, and with the evidence adduced at the trial; and when so considered, if they are not subject to the criticism urged against them the assignments of error based thereon fail." Also see Davis v. State, 54 Fla. 34, 44 South. Rep. 757, wherein we held as follows:

"Where a charge or an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if subsequent instructions are given containing the required qualifications or exceptions. It is not required that a single charge or instruction should contain all the law relating to the particular subject treated therein.

"In determining the correctness of charges and instructions, they should be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail.

"In passing upon a single instruction or charge, it should be considered in connection with all the other instructions and charges bearing on the same subject; and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury."

We would also refer to the discussion in Kennard v. State, 42 Fla. 581, 28 South. Rep. 858; Marlow v. State, 49 Fla. 7, 38 South. Rep. 653; King v. State, 54 Fla. 47, 44 South. Rep. 941, relative to self-defense. No error

is made to appear to us in these portions of the general charge of which complaint is made.

The next assignment urged before us is the first, which is based upon the overruling of the motion for a new trial, the ground insisted upon being that the evidence adduced does not support the verdict rendered, which, as will be recalled, found the defendant guilty of an "assault with intent to murder in the second degree." As we have held several times, "the statutes of this State do not require or make it necessary that a verdict of assault with intent to commit murder shall state the degree of murder." See Edwards v. State, 54 Fla. 40, 45 South. Rep. 21, citing prior decisions of this court. As we also said in the case just cited, "The punishment for assault with intent to commit murder in the first degree or in the second degree is the same, being imprisonment in the penitentiary not more than twenty years." We shall not undertake a discussion of the evidence. It is sufficient to say that we are of the opinion that it is amply sufficient to support the verdict rendered. We find nothing in Alvarez v. State, 41 Fla. 532, 27 South. Rep. 40, cited and relied upon by the defendant, which is in conflict with the conclusion which we have just announced. It is true that there are conflicts in the testimony, but, as we held in McClellan v. State, 66 Fla. 215, 63 South. Rep. 419, wherein we followed prior decisions of this court: "While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the ver-

dict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court."

Next in the order of the argument is the tenth assignment, which is based upon the refusal of the following requested instruction:

"12. The wife of the defendant has been sworn as a witness in his behalf. The fact that she is his wife does not exclude her as a witness and you will judge as to the credibility of her testimony as you would that of other witnesses."

No error has been made to appear here. The State had interposed no objection to the wife of the defendant testifying in his behalf, so that point was not involved. Instructions that pick out and emphasize certain phases of the evidence, especially such as relate to isolated facts which are not questioned and are not conclusive of the merits of the case, are properly refused. See Kennard v. State, 42 Fla. 581, 28 South. Rep. 858, and Wilson v. State, 47 Fla. 118, 36 South. Rep. 580. The trial court in its general charge dealt fully with the matter of the credibility of all the witnesses testifying in the case, which was sufficient upon that point.

The seventh and eighth assignments are predicated upon the refusal of the following requested instructions:

"7. If you find from the evidence a probability of the defendant's innocence you will find him not guilty.

"8. If you find from the evidence an improbability of the defendant's guilt, you will find him not guilty." Fleming v. State, 150 Ala. 19, 43 South. Rep. 219, is cited in support of these assignments, in which case these assignments would seem to find support. Be that as it

may. We have ruled otherwise. See Baker v. State, 51 Fla. 1, 40 South. Rep. 673, where we held as follows: "Neither the guilt nor innocence of an accused should ever be tested by 'probabilities.' An accused, therefore, has no right to a charge resting his acquittal or conviction upon 'probabilities' of his guilt or innocence."

We have now considered all the assignments which have been insisted upon, and no errors of law or procedure having been made to appear to us the judgment must be affirmed. See Richardson v. State, 72 Fla.    , 72 South. Rep. 665.

Judgment affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and EL-LIS, JJ., concur.