SUSIE ROBINSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 27, 1920.

HOMICIDE — DISCRETIONARY WITH TRIAL COURT IN PLACING WITNESSES UNDER THE RULE OF EXCLUSION DURING TRIAL, AND OF EXEMPTING OR REFUSING TO EXEMPT A WITNESS FROM THE OPERATION OF THE RULE. SUCH DISCRETION IS REVIEWABLE ON WRIT OF ERROR. CONVICTION OF WITNESS OF ANY CRIME IS ADMISSIBLE TO AFFECT HIS CREDIBILITY. IMPROPER CAUTION TO WITNESS BY THE COURT.

1. The matter of exempting or refusing to exempt a witness from the operation of a rule excluding all witnesses from presence in the court room during the trial, until they are individually called to testify, is largely within the discretion of the trial court, and is not cause for reversal, unless the discretion is flagrantly abused, to the patent prejudice of the party complaining of the ruling.

2. Under the provisions of Section 1097, Revised Statutes of 1892, evidence of the conviction of a witness of any crime is admissible to affect his credibility, and it is error to exclude such evidence from consideration by the jury.

3. At the beginning of the examination of a witness for the defendant, the trial court *sua sponte* remarked to such witness: "Let me warn you, Mr. Burke, that you answer just such questions as you are asked and no more." This was error, since it tended to be an express questioning by the court of the credibility of the witness.

A writ of error to the Circuit Court for Jackson County.

Judgment reversed.

*John H. Carter,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was tried, convicted and sentenced to ten years imprisonment in the penitentiary for the crime of manslaughter in the Circuit Court of Jackson County, and by writ of error brings this judgment here for review.

At the trial after the witnesses for the State and the defense had been put under the rule excluding them from the court room, until individually called to testify, the defendant's counsel moved the court to exempt one of his witnesses from the rule, and that such witness, who had been the foreman of the coroner's jury that investigated the homicide, be allowed to remain in court with defendant's counsel, to inform him of any discrepancies between the evidence of any of the State's witnesses as deposed at the coroner's hearing and their testimony at the final trial, but the court denied this motion, and this ruling constitutes the first assignment of error.

The matter of exempting or refusing to exempt a witness from the operation of the rule excluding witnesses from remaining in the court room during the trial of a case until they are individually called to testify, is largely within the discretion of the trial court, and is not cause for reversal, unless the discretion is flagrantly abused to

the patent prejudice of the party complaining of the ruling. Some courts hold that this discretion is not reviewable. McGuff v. State, 88 Ala. 147, 7 South. Rep. 35; Barnes v. State, 88 Ala. 204, 7 South. Rep. 38; McClellan v. State, 117 Ala. 140, 23 South. Rep. 653; Shaw v. State, 102 Ga. 660, 29 S. E. Rep. 477. But we prefer the rule as announced by those courts that hold that it is a matter largely within the judicial discretion of the trial court, and that its action in that respect will not be reversed, unless it is made to appear that the discretion was improperly exercised and that it operated to the prejudice of the party complaining of it. Jackson v. Commonwealth, 96 Va. 107, 30 S. E. Rep. 452. There was no such abuse of the discretion here, and there is no showing that the ruling complained of resulted in any prejudice to the defendant. On the contrary the defendant announced that he would not call as a witness the party that he desired to be exempted from the rule, upon which announcement the court permitted such party to remain in the court room during the trial to assist the defendant and her counsel in the matters suggested as a reason for his exemption from the rule, and such party was not called as a witness; and alleged discrepancies between the evidence of one witness for the State and his testimony before the coroner's inquest, was attempted to be proved by another member of the coroner's jury.

The second assignment of error involves a ruling of the court exempting a deputy sheriff from the rule excluding the witnesses from the court room. There is no error here. What has been said above as to the first assignment applies equally to this second assignment. No harm is apparent to the defendant from the ruling.

The third error assigned is the refusal of the court to

permit one A. J. McMullen, an outsider, to remain within the bar of the court room during the trial. We think from what is shown by the record that the court below might very well have permitted this party to have remained within the bar with the defendant's counsel, but the court may have had good reasons for his ruling that are not disclosed by the record, and we can see no substantial harm to the defendant from the ruling. If error it certainly is not reversible error.

After a witness for the State had testified in substance that he and all the rest of the crowd who were at the scene of the melee wherein the homicide was committed had been convicted and fined in a justice's court at Sneads, the State Attorney asked him the following question: "They had all of you up for disorderly assembly didn't they?" Counsel for the defendant then objected to the State Attorney asking what they were up for, on the ground that the State Attorney had objected to his asking the same question. Thereupon the court said that he thought it all to be immaterial, and instructed the jury to disregard any evidence of any conviction at Sneads. To this ruling exception was duly taken, and it is assigned as the fourth error. This ruling was error. Under the provisions of Chapter 4966, Laws of Florida, approved April 30th, 1901, it is provided "That no person shall be disqualified to testify as a witness in any court of this State by reason of conviction of any crime except perjury, but that his testimony shall be received in evidence, under the rules as any other testimony; Provided, however, that evidence of such conviction may be given to affect the credibility of the said witness, and that such conviction may be proved by questioning the proposed

witness, or if he deny it, by producing a record of his conviction." See Sec. 1097 Rev. Stats. of 1892.

In the case of Baker v. State, 51 Fla. 1, 40 South. Rep. 673, this court has held: "That under the provisions of Section 1097 Revised Statutes the general character of a witness, *who has been convicted of any crime,* may be enquired into to affect his credibility." Under the statutes and decision referred to the witness for the State under examination had answered that he and several others of the State's most important witnesses had been convicted and fined for some crime. This affected their credibility, and was properly admitted, and the defendant had the right to have it considered by the jury. And the trial judge erred in excluding it from their consideration.

The fifth assignment is abandoned here.

The sixth assignment is that the court erred in voluntarily instructing a witness for the defendant as follows: "Let me warn you Mr. Burke, that you answer just such questions as you are asked and no more." This was error also. Coming as it did from the bench voluntarily at the beginning of the witness' examination it was calculated to impress the jury with the idea that the judge thought the witness was a "swift" one, and that, therefore, the caution given to him "to answer only such questions as were propounded to him," was necessary to prevent the witness from running away with the truth, and it tended to be an express questioning by the court of the credibility of the witness.

The seventh assignment is abandoned here.

The eighth assignment complains of the ruling of the court instructing the jury to disregard the entire evi-

dence of a defendant's witness, one L. B. Addison.  This also was error.  The witness had testified that one of the Donald boys came over to the scene of the homicide very early the next morning after the tragedy looking for a knife, and that he looked for the knife along the west side of the road along the jam of the fence, and that he stayed there a good while.  Several of the Donald boys were present at the occurrence of the homicide according to the evidence of other witnesses.  We do not agree with the trial court that this evidence was irrelevant and immaterial, and it should not, under the circumstances of the case, have been excluded from the jury.

The ninth and last assignment of error complains of the denial of the defendant's motion for a new trial.  As this assignment involves the sufficiency of the evidence to support the verdict, and as there will have to be another trial of the case, we refrain from consideration thereof.

For the errors found the judgment of the Circuit Court is hereby reversed, and a new trial ordered, at the cost of Jackson County.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.