PRESTON GOOLSBY, *Plaintiff in Error, v.* THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed October 12, 1923.

1. The refusal of requested charges covered or substantially
   covered in the general charge does not constitute reversible
   error.

2. When there is any evidence to support the verdict, it will
   not be set aside unless it clearly appears that the jury was
   influenced by considerations outside the evidence.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Lake County;
C. O. Andrews, Judge.

Affirmed.

*J. W. Hunter,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,*
Assistant Attorney General, for the State.

TERRELL, J.—Preston Goolsby was convicted in Lake
County of being present, aiding and abetting one Lewis
Parker in the larceny of a steer, the property of George J.
Griffin. He was sentenced to the State prison for two
years and seeks to have this judgment reversed.

The insufficiency of the evidence to support the verdict
and the refusal of the court to charge the jury that the
"State must prove beyond a reasonable doubt that the ani-
mal in question was the property of George J. Griffin and
the State must show that the animal in question was the

identical animal described by George J. Griffin in the testimony,'' are the only errors presented for reversal.

It appears that the requested charge or such portion thereof as plaintiff in error was entitled to have given was fully covered in the general charge to the jury and the refusal of the court to repeat the same could not properly be assigned as error. Hall v. State, 78 Fla. 420, 83 South. Rep. 513.

The evidence was in part circumstantial, but we think that it warrants the verdict, and it nowhere appears that the jury was influenced by circumstances outside of the evidence adduced.

Where there is any evidence to support the verdict, it will not be set aside as against such evidence unless it is made clear that the jury were improperly influenced by considerations foreign to the evidence. Browning v. State, 41 Fla. 271, 26 South. Rep. 639; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87; Adams v. State, 56 Fla. 1, 48 South. Rep. 219; Barnhill v. State, 56 Fla. 16, 48 South. Rep. 251.

The judgment of the Circuit Court of Lake County is, therefore, affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur in the Opinion.