WINSTON J. CRAWFORD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Division A.

## Opinion Filed May 21, 1927.

1. Where an information charges embezzlement substantially in the language of the statute, the generality of averment permissible under Sections 5146 and 6068 of Revised General Statutes is deemed sufficient in view of the right of the defendant to demand a bill of particulars when necessary to give him adequate notice of the particulars of the charge which he is called upon to meet.

2. The interpolation in an information charging embezzlement of a clause unnecessary under the statute to the sufficiency of the information will be considered as mere surplusage, where it does not appear that the defendant was misled or embarrassed thereby in the preparation and making of his defense.

3. When the prosecution in an embezzlement case relies upon evidence of the embezzlement of a promissory note, there must be some evidence submitted of the value of the note, as this is required by the statute and has an important bearing upon the punishment, whether as for a felony or a misdemeanor.

A Writ of Error to the Criminal Court of Record for Dade County; Tom Norfleet, Judge.

Reversed.

*George M. Okell,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BROWN, J.—While the information in this case is not very clearly drawn, denial of the motion to quash the same does not constitute reversible error, when considered in the light of Section 6068, R. G. S., as construed in the cases of Thalheim v. The State, 38 Fla. 169, 20 So. 938, and Brown v. The State, 109 So. 438. See also Smith v. The State, 112 So. 70. As will be seen from a reading of the Thalheim case, the generality of allegation of the offense of embezzlement as authorized by the statute referred to is permitted and held to be constitutional in view of the defendant's right, upon proper application by him, when the indictment or information does not give him adequate notice of the charge he is expected to meet, to apply for and be furnished with a bill of particulars by order of court. The information in this case charges the embezzlement of $1,000.00 of the money of Cynthia Cook. Under the statute referred to, where an indictment or information charges the embezzlement of money to a certain amount, without specifying any particulars of such embezzlement, evidence may be given, on the trial, of the embezzlement, within six months after the time stated in the indictment, of money, notes, check, draft or other security for money, of such person, etc. Therefore, the additional words in the information, "of note in the amount of one thousand dollars, the value of one thousand dollars, lawful money of the United

States of America,'' may be considered as surplusage, and yet leave the information sufficient as charging the offense of embezzlement under Sections 5146 and 6068 of Revised General Statutes. In other respects the information charges the offense substantially in the language of the statute.

The evidence in the case is not very clear and satisfactory, but it appears that there was evidence before the jury tending to establish all of the elements of the offense charged with the exception of the value of the note. The evidence tends to show that the defendant used an endorsed note for $1,000.00, which was in his hands as the agent of Cynthia Cook, in the purchase of an automobile, the remainder of the purchase price being paid in cash. Neither the price nor value of the automobile was proven, nor the value of the note. The mere fact that the note promised payment of $1,000.00 is no proof that the note was worth $1,000.00. We find no evidence in the record by which the jury could have arrived at the value of this note without going out into the realm of conjecture. There was no attempt to prove the embezzlement of money. The prosecution relied upon the embezzlement of the note itself, which was not due until many months after the time of the alleged embezzlement and of the trial. The burden of proof was upon the State to prove that this note had some value and what that value was. This is not only required by the language of the statute, but it is also important as regards the punishment, whether as of a felony or a misdemeanor. The information charged the value at $1,000.00, and it seems to have been assumed that because the note was given for that amount, it was worth such amount, or approximately so. The defendant was sentenced to two years in the penitentiary—the punishment appropriate where the value shown is large enough to authorize punishment as for grand larceny.

The Court was therefore in error in denying the motion for a new trial.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.