LEROY GOSHEA, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed April 23, 1929.

Petition for rehearing denied June 4, 1929.

Dillon Hartridge, for Plaintiff in Error;

Fred H. Davis, Attorney General, and Roy Campbell, Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of the murder of Lewis Turner. The crime was alleged to have been committed on March 11, 1928, in Palm Beach County. Sentence of death was imposed and the plaintiff in error seeks reversal of the judgment on writ of error.

There was a negro gambling house and cafe located in an alley running west from Rosemary street in the City of West Palm Beach. It was frequented by negroes of both sexes. Turner became embroiled with the defendant's wife whom, according to her statement, he had threatened to kill, and on the night of the homicide included the husband in his sanguinary plans.

The evidence is not clear as to when the woman and her husband left the cafe but about three o'clock in the morning the deceased and John Riley left together. When they arrived at Rosemary street at the mouth of the alley the defendant shot Turner four or five times and killed him.

The defendant appears to have waited at the intersection of the alley and the street for the appearance of Turner, whom he knew to be in the cafe. It also appears that he knew of Turner's attentions to his wife, of Turner's assaults upon her and threat to kill both of them.

The homicide appears to have been planned by the defendant and deliberately executed from motives of jealousy and revenge. He took the law into his own hands and inflicted what he doubtless believed to be condign punishment upon his enemy.

The first three assignments of error are abandoned. The fourth and fifth are argued together.

The fourth assignment rests upon the court's refusal to instruct the jury as follows:

> The defendant had a right, at the time of firing the fatal shot, to consider fully all acts of violence that he had seen the deceased commit, all threats that he had heard the deceased make, together with the disposition of the deceased, as the defendant knew it, in order that the defendant might know or believe what the deceased meant or intended at the time that the fatal shot was fired.

The fifth is based upon the court's refusal to give all the instructions requested by the defendant's counsel numbered from one to thirteen inclusive. Only the fourth of these two grouped assignments is argued.

The requested instruction quoted above is not a correct statement of the law. There is nothing in the evidence to which it was applicable and it is in effect a declaration that when a man has a grievance against another of a character which the defendant may be supposed to have had, that he may lie in wait for his enemy and assassinate him. That standard of morals and law has not yet received legal sanc-

tion so far as we have been able to discover, and the brief furnishes us with no illuminating discussion upon the subject nor authorities to support it.

The sixth, seventh and eighth assignments of error are abandoned.

The ninth assignment of error rests upon the denial of a motion for a new trial. The motion contains seven grounds. The fifth and sixth are discussed.

During the argument of the case the State Attorney made the following statement to the jury:

First, "The deceased is not the only man that Janie Goshea has been with; she has stayed with many others as the defendant knows."

Second, "You are all Southern men and you know how mad it makes a Southern man for a negro to answer him 'yaas' and 'no.' You noticed the haughty manner in which this negro answered my questions. I have never seen such a haughty and impertinent negro on the witness stand."

Counsel for the defendant objected to each of the above statements. The objection was overruled and counsel excepted to the ruling. While the first statement had some foundation in the evidence and was justified for that reason, we do not perceive either its relevancy or argumentative force. However that constitutes no valid objection to its employment by the State's Attorney. The testimony of Jane Goshea, the defendant's wife, who testified in his behalf, was sufficient to supply a basis for the statement. The immoral character of the woman became very evident as she explained her relations with the deceased during the absence of her husband from the city some time previously. No ground was given by counsel for the objection to the statements at the time they were made and it does not

plainly appear that the language was unwarranted. See Putnal v. State, 56 Fla. 86, 47 So. R. 864.

The matter was controllable by the trial court in its discretion. See Carter v. State, 68 Fla. 143, 66 So. R. 1000; Wilson v. State, 47 Fla. 118, 36 So. R. 580.

The second statement consisted of a comment upon the manner of some negro witness in replying to questions propounded by the State's Attorney to him and the attorney's anger at such demeanor. What witness it was the record does not disclose, whether he was for the State or the defendant; but if the witness was "haughty and impertinent" his manner was observable by the jury. It does not appear from the record that the State's Attorney incorrectly described his manner on the stand, which is a circumstance the jury may consider in placing a value upon his testimony.

As to the State's Attorney's reaction to the negro's haughtiness of manner the jury could not possibly be concerned with it nor influenced by it further perhaps than to be amused or surprised that the gentleman in his capacity as a representative of the State should exhibit such choler over the impudence of a vaunting clown. It cannot be supposed that juries composed of men of fair character and approved intelligence will have their judgments swayed by such trivial and utterly irrelevant incidents. Tyson v. State, 87 Fla. 392, 100 So. R. 254. The matter was controllable by the trial court in its discretion and we are unable to say that there was any abuse of it.

We have found no error in the record, so the judgment is affirmed.

TERRELL, C. J., AND WHITFIELD AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., dissent.