JOHN L. FOUTS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Opinion filed March 24, 1931.

*Johnson, Bosarge & Allen,* for Plaintiff in Error;

*Fred H. Davis,* Atty. Gen., *Roy Campbell,* Assistant, for Defendant in Error.

PER CURIAM.—Plaintiff in error, hereinafter referred to as the defendant, was convicted on the first count of an information charging he did on the 17th day of October, in the year A. D. 1928, in Polk County, Florida, fraudu-lenty convert to his own use $10,000.00 lawful money of the United States belonging to and in possession of the First State Bank of Winter Haven, Florida, a more speci-fic description being unknown to the County solicitor; that at the time of the fraudulent conversion, John L. Fouts was president of the State Bank of Winter Haven, Florida, an incorporated bank, organized and existing under the laws of the State of Florida.

The defendant filed a motion to quash the information. Error is first predicated on the denial of this motion.

It is insisted the count upon which conviction was had should have charged that the alleged fraudulent conversion was committed with an intent to defraud the bank. This count was couched in the exact language of the Statute—Section 7249 (5148) Compiled General Laws of Florida, 1927.

An information for embezzlement which charges the offense substantially in the language of Section 7249 (5148) Compiled General Laws of Florida, 1927, is sufficient. Crawford v. State, 93 Fla. 1082, 113 So. 90; Thalheim v. State, 38 Fla. 169, 20 So. 938; Teston v. State, 50 Fla. 137, 39 So. 787; Lake v. State, _____Fla._____, 129 So. 832.

The second, seventh, eighth and eleventh assignments of error are not argued and appear to have been abandoned.

The third assignment is based upon the action of the court in overruling defendant's motion for an instructed verdict of not guilty at the conclusion of all of the evidence in the case.

In support of this assignment, it is contended that inasmuch as the defendant's defense in this case was based solely on the fact that the bank was indebted to him and the defendant had taken the stand and shown that there was an indebtednes existing between the bank and himself and his testimony was corroborated by testimony of other witnesses and the State did not attempt to rebut the testimony of the defense that there was in fact a debtor and creditor relationship existing between the defendant and the bank, the court should have instructed the jury to render a verdict in favor of the defendant.

After all of the evidence of the parties shall have been

submitted in a criminal case, the court should not direct a verdict for the defendant, unless it be apparent to the judge of the court that no sufficient evidence has been submitted upon which the jury could legally find a verdict for the opposite party. Section 4363 (2696) Compiled General Laws of Florida, 1927.

We have held that in a prosecution for embezzlement where the evidence clearly shows that the defendant in good faith and without secrecy or concealment retained the property involved under a bona fide claim of right based upon reasonable grounds, however ill founded the defendant's claim may have been under the circumstances shown by the evidence, his action does not constitute the crime of embezzlement under Section 7247 (5146) Compiled General Laws of Florida, 1927, and the same rule would apply under Section 7249 (5148) Compiled General Laws of Florida, 1927. Brown v. State, 92 Fla. 538, 109 So. 438; Eatman v. State, 48 Fla. 21, 37 So. 576. There was, however, other evidence of what took place and it was clearly within the province of the jury under the proper charge from the court to say whether the defendant in good faith and without secrecy or concealment retained the property here involved under a bona fide claim of right based upon reasonable grounds. Brown v. State, supra.

The fourth, fifth and sixth assignments of error are predicated upon refusal of the court below to grant a new trial. We will reserve the discussion of these assignments until the last.

The ninth and tenth assignments of error are based upon the action of the court in rulings on testimony. Testimony complained of which the court refused to strike does not appear to have been harmful and the

1252

testimony proffered which the court refused to admit in evidence was clearly not material to the question of the guilt or innocence of the defendant.

Alleged errors in the admission or rejection of testimony which do not weaken the admitted effect of the testimony and which do not reach the legality of the trial itself will not be considered grounds for reversal, where the evidence leaves no room for reasonable doubt of the defendant's guilt. Driggers v. State, 90 Fla. 324, 105 So. 841.

Assignments of error numbered 12 to 26 inclusive are predicated upon charges given and refused.

We have carefully examined the entire charge as given by the court and also all charges asked for which were refused and conclude that the judge charged the law of the case fully and correctly and no harmful error has been made to appear by reason of the charges given or refused.

Errors last assigned are numbers 30 to 33 inclusive. Under these it is contended that the assistant county solicitor addressed improper remarks to the jury. It does not appear that objection was made to any of such remarks at the time of the utterance thereof, or exceptions taken to rulings on such objections. While it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party; the general rule is that where the remarks do not appear to be such that neither rebuke nor retraction will entirely destroy their sinister effect, a verdict will not be set aside by an appellate court because of such remarks, or because of any omission

of the judge to perform his duty in the matter, unless objection is made at the time of their utterance and a ruling of the court secured thereon and an exception to such ruling duly taken. Henderson v. State, 94 Fla. 318, 113 So. 689; Graham v. State, 72 Fla. 510, 73 So. 594; Akin v. State, 86 Fla. 564, 98 So. 609.

The remarks here complained of do not appear to be such that rebuke or retraction would not destroy their sinister influence. Akin v. State, supra.

We now return to the denial of the motion for a new trial. The only ground of this motion that is properly presented for consideration that has not already herein been disposed of is that the verdict is contrary to the evidence.

There is substantial evidence to support the verdict and no material errors have been made to appear.

A judgment should not be reversed or new trial granted on the ground that the verdict is not sustained by the evidence unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. Driggers v. State, supra; Hancock v. State, 90 Fla. 178, 105 So. 401; May v. State, 89 Fla. 78; 103 So. 115; Denmark v. State, 88 Fla. 244, 102 So. 246; Goolsby v. State, 86 Fla. 307, 98 So. 72 and numerous other Florida cases.

Affirmed.

WHITFIELD, ELLIS AND TERRELL, J.J., AND HUTCHISON, Circuit Judge, concur.

BUFORD, C.J. (dissenting):

I think that the improper remarks made by an attorney employed to assist in the prosecution, which remarks were

made to the jury during the argument of the case constituted reversable error.

Brown, J., concurs.

Davis, J., disqualified.