PARK PLATT v. STATE.

168 So. 804.
Division B.
Opinion Filed June 8, 1936.

*B. A. Bales,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—In this case the writ of error brings for review judgment of conviction of the statutory offense of larceny of a heifer.

Plaintiff in error presents four questions for consideration. The first question challenges the action of the court in allowing a witness who had remained in the court room in violation of the rule excluding witnesses to be called as a witness for the State and to testify. It is well settled that this was a matter within the discretion of the trial court. Robinson v. State, 80 Fla. 736, 87 Sou. 61. No abuse of discretion is shown by the record.

The second question challenges ·the action of a witness who testified about some bad conduct of defendant in response to a question propounded by defendant's counsel on cross examination. There was no objection interposed to the testimony at the time it was given. No ruling of the court was requested and no exception noted. The question is not before us for consideration.

The third question challenges the action of the court in

declining to give charges numbered 1 and 2 requested by the defendant. Charge No. 1 was as follows:

"Brand or mark of accused on animal at large not sufficient evidence to convict without proof of taking and carrying away by him."

The charge is vague, indefinite and insufficient. Therefore, it was not a proper charge and was properly refused.

Charge No. 2 was:

"When the State relies for conviction upon the finding of property upon premises owned by the accused he is entitled to a charge upon a showing his occupation was not exclusive."

This requested charge was properly refused because it was vague, indefinite and calculated to mislead the jury.

The fourth question challenges the action of the court in refusing to grant motion of the defendant as follows:

"Comes now the defendant and moves the court that the State has proven by its own witness that the Sheriff, J. J. Wiggins, of this County, has the heifer in controversy in his possession to permit to order said heifer to be exhibited to this jury for inspection."

As to which motion the following appears in the record:

"THE COURT: It does not appear to be material now. If it becomes material and will aid the jury, it can be done."

To this ruling the defendant excepted. The ruling was not final. The record does not disclose that the motion was ever renewed or that thereafter any suggestion was made that the court finally rule on the question as to whether or not the jury should be allowed to inspect the property alleged to have been stolen. By failure to renew the motion and procure a definite and final ruling thereon, defendant waived whatever advantage might have been had in that regard.

There is nothing in the record to show that defendant suffered any disadvantage by reason of the heifer not having been inspected by the jury.

The fifth question challenges the action of the court in declining to give an affirmative charge in favor of the defendant at the close of the State's testimony. There was at the close of the State's testimony substantial evidence tending to prove the guilt of the defendant and there was sufficient evidence to sustain a verdict of guilty if such verdict had been rendered upon that evidence alone. Therefore, the motion was properly denied. See Fouts v. State, 101 Fla. 1248, 133 Sou. 81.

Finding no reversible error in the record, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.