Boss BROWN, *et al.,* v. STATE.

156 So. 606.
Division A.
Opinion Filed September 24, 1934.

*R. Percy Jones,* and *E. M. Magaha,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—Plaintiffs in error were indicted and convicted in the Circuit Court of Collier County upon an indictment which charged them with larceny of a cow, the property of one Lovie Lopez. From a sentence of two years imprisonment in State Prison writ of error has been taken to this Court.

Defendants below were indicted on October 2, 1933, and

required to go to trial on the afternoon of October 3, 1933. The following minute entry is found in the transcript:

"The defendants in the case of State of Florida v. Sam Hamilton, Boss Brown, represented by counsel, and Mack Beth Johnson being present in court, *announced ready for trial* and the jury being in the box His Honor George W. Whitehurst pursuant to recess ordered the trial to continue, thereupon the following witnesses were called, etc." (Emphasis supplied.)

It is therefore evident from the record that no reversible error was committed by the court in refusing to grant defendants a new trial because of lack of reasonable time for said defendants to procure counsel and prepare their defense. The minute recital just quoted disclosed not only that counsel was procured, and was actually present at the trial, but also that the defendants "announced ready for trial" on Wednesday morning, October 4, 1933.

There is no general principle of law fixing the exact time which must elapse between the finding of an indictment and the beginning of a trial thereon. Such matters are left to the sound discretion of the trial court to be controlled by what is fair, right and reasonable in each particular case. Reed v. State, 94 Fla. 32, 113 Sou. Rep. 630. Section 8375 C. G. L., 6070 R. G. S., provides that the Court shall cause an accused to be arraigned and tried at the same term, unless good cause is shown for a continuance. No motion for a continuance or for a reasonable postponement of the trial to a later date in the term, appears to have been interposed in any form sufficient to support an assignment of error based on the refusal of the court to accede to such a request timely interposed and properly founded.

The evidence has been examined in the light of the arguments made in the briefs but it has not been demonstrated

that the court committed reversible error in refusing to disturb the verdict of guilty. The verdict found appears to have legal support in the evidence and we cannot say that the testimony disclosed by the bill of exceptions is insufficient to warrant the conclusion of guilt evidently drawn by the jury from the facts testified to by the state's witnesses.

The judgment is affirmed.

ELLIS, and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.