RUBY WHITE and ROBERT HARDIN v. STATE.

163 So. 403.

Opinion Filed October 1, 1935.

*Alton T. Peacock,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error in this case brings for review a judgment of conviction for offense of armed robbery.

The assignments of error are five in number. Only the fourth and fifth assignments are argued. The others, there-

fore, considered abandoned. The fourth assignment of error· is based on the refusal to give a charge reading as follows:

"The Court further instructs the jury that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of the defendants, defendants having duly presented request in writing to the Judge to so charge the jury at the close of the evidence for both parties and before the retirement of the jury and before the giving of the general charge of the Court."

This assignment cannot be sustained for two reasons. The first reason is that the requested charge referred to does not correctly state the law and it is contrary to the law. The term " a reasonable doubt" has a well recognized legal definition which was correctly given by the court. Each juror may determine for himself whether he entertains such a reasonable doubt as is defined by the court but it is not within the province of a juror to determine as a matter of law what constitutes a reasonable doubt. The other reason why this assignment of error can not avail is that no exception is shown in the record to the action of the court in refusing to give the requested charge. Ammons v. State, 88 Fla. 444, 102 Sou. 642; Mathis v. State, 70 Fla. 194, 69 Sou. 697; Britt v. State, 88 Fla. 482, 102 Sou. 761.

The fifth assignment of error is as follows:

"Defendants contend that the court erred in overruling and denying defendant's motion for a New Trial because the County Solicitor violated Section 8385 of the Compiled General Laws of 1927, by commenting on the failure of the defendants to take the stand in their own behalf at the preliminary hearing, and argued that if they had been innocent they would have taken the stand and denied their guilt."

This assignment of error cannot avail the plaintiff in error because the record entirely fails to show that the conduct complained of on the part of the State Attorney was indulged in or that any exception was noted to any remarks made by the State Attorney during his argument of the case before the jury. And since there is nothing in the record which shows that the Prosecuting Attorney made prejudicial remarks during his argument to the jury except what is contained in defendant's motion for new trial, this objection or assignment of error cannot be considered.

The averments of motion for new trial are not self supporting. Smith v. State, 57 Fla. 24, 48 Sou. 744. See also Folger v. State, 96, Fla. 68, 117 Sou. 694; Nobles v. State, 68 Fla. 1, 66 Sou. 153; Young v. State, 70 Fla. 211, 70 Sou. 19; Stanley v. State, 93 Fla. 372, 112 Sou. 73; Graham v. State, 72 Fla. 510, 73 Sou. 594; Kirkland v. State, 93 Fla. 172, 111 Sou. 351.

The evidence is entirely sufficient to sustain the verdict and the judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.