114 So.2d 348 (1959)
Alberta E. AILER, Appellant,
v.
STATE of Florida, Appellee.
No. 399.
District Court of Appeal of Florida. Second District.
August 28, 1959.
Rehearing Denied September 21, 1959.
*350 Jordan Johnson, West Palm Beach, for appellant.
Richard W. Ervin, Atty. Gen., and Irving B. Levenson, Asst. Atty. Gen., for appellee.
KANNER, Judge.
Alberta E. Ailer, sixty-six years of age and a practical nurse, was convicted of the commission of the crime of abortion. While there are several questions presented on the appeal, we shall confine our consideration to what we deem the major complaint. This question challenges the propriety of the trial judge's action in denying a mistrial when the county solicitor in his argument to the jury stated, in effect, that the accused had been committing abortions for years.
The background of the purported improper remark should be reviewed by the court in its scrutiny of Alberta Ailer's contention that it was improper and prejudicial.
During the course of the trial, the testimony of Dr. John Foster Chapman, a state's witness, was introduced in deposition form. This deposition reflects that defendant's counsel on cross-examination questioned the witness as to his knowledge of the defendant. The doctor stated that the first he heard of her was through a newspaper account that "she was picked up on suspicion of doing abortions in Texas, as I recall." Later in the trial, the accused on her direct examination testified that she was arrested in New Mexico. On cross-examination in connection with this phase, the county solicitor questioned her as follows:
"Q. You were arrested in another case? A. That's right.
"Q. Which was the same type of case, abortion?"
Counsel for the defense immediately interceded as follows:
"Mr. Johnson: Your Honor, I ask for a mistrial for the Counsel for the State putting this question to this Jury in absolute derogation of all of our procedure, that to me * * *
"The Court: Just a minute, Mr. Johnson. Gentlemen of the Jury, I want you to disregard any statement about any other charge that might be similar to this, which involves this defendant, disregard that statement. I am going to deny the motion for a mistrial."
Counsel for the accused then again urged his motion. The court replied:
"Well he was clarifying, as I understand, where this person was arrested, I don't know where she was, I believe it was brought out where she was arrested in New Mexico, I don't know."
The question was never answered.
Subsequently, during closing argument to the jury, the county solicitor was charged with making the purported improper remark. This was raised by the defendant through her motion for new trial. Though the arguments to the jury were not recorded, this remark appears in substance through the court's order denying the defendant's motion for new trial as amended:
"* * * he indicated, to the best of the Court's recollection, in his argument to the jury to the effect and in substance that the defendant had been committing abortions for years. It is *351 noted that the arguments of counsel were not recorded and the exact language in question and the related context are not available. Upon such comment, the defendant's attorney thereupon moved for a mistrial on the grounds that the same was prejudiced and inflammatory. The Court denied the motion and directed the jury to disregard the Solicitor's reference to such alleged conduct on the defendant's part and instructed them that the only matter they had to consider and decide was the charge involved in the case before them."
There is also a notation by the court reporter in the transcribed record showing that a motion for mistrial was made due to the remarks made by the county solicitor, the court's instruction to the jury to disregard them, and the denial of the motion.
The state asserts that the remark by the prosecuting attorney during closing argument, since it does not affirmatively appear in the record, cannot be considered and that its appearance in a motion for new trial does not suffice. We agree that where allegedly improper argument of a prosecuting attorney to a jury does not appear in the record, a motion for new trial averring the alleged improper remark is not self-proving and cannot activate such remark as a basis for error on appeal. Brooks v. State, Fla. 1953, 64 So.2d 914; Holloman v. State, 1939, 140 Fla. 59, 191 So. 36; and White v. State, 1935, 121 Fla. 128, 163 So. 403. But as heretofore delineated, the record actually reveals circumstances that remove the present issue from the scope of the stated rule. The trial judge entered a five-page order denying the motion for new trial. The order dealt almost entirely with the single question of the purported improper remark. It is apparent that the trial judge recognized and considered that the question was a substantial one.
The question then arises whether the remark was an improper one and then whether, if it was improper, the court's admonition to the jury vitiated its harmful effect.
When statements or intimations are made by a prosecuting attorney in his argument to a jury that an accused has committed other crimes than that for which he is on trial, this constitutes error unless there is evidence in the record from which the jury could infer the commission of another crime by the accused. Simmons v. State, 1939, 139 Fla. 645, 190 So. 756, 758. The remark assaulted falls clearly within this rule. It charges the defendant with actually committing many abortions not contained within the present charge. The evidence as depicted afforded no basis so as to bring the county solicitor under the protection of the rule in his indulgence in such type of remark.
Firmly entrenched in law in this state is the rule that the trial judge must halt improper remarks of counsel in their argument to the jury, whether objection is made or not; and he must then admonish the jury properly so as to erase any prejudicial result such remarks may have created against the party thus attacked. Unless timely objection is made, an appellate court will not set aside the verdict, either because of the remarks or because of failure of the judge to perform his duty in the matter. An exception to this rule is where the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence. In such event a new trial should be granted, regardless of the lack of objection or exception. Akin v. State, 1923, 86 Fla. 564, 98 So. 609; Carlile v. State, 1937, 129 Fla. 860, 176 So. 862; Oglesby v. State, 1945, 156 Fla. 481, 23 So.2d 558; and Pait v. State, Fla. 1959, 112 So.2d 380.
It is also the duty of the trial judge not only to sustain objection to certain types of improper remarks by a prosecuting attorney, but he should so affirmatively rebuke that attorney as to impress the jury with the gross impropriety of this conduct *352 on his part. The qualifying characteristics of such a remark requiring affirmative rebuke include the overstepping of the bounds of propriety and fairness by the prosecutor, undignified and intemperate argument to the jury with aspersions and improper insinuations being made, assertion of matters not in evidence, or appeals to prejudice or sympathy calculated to influence the jury unduly. Deas v. State, 1935, 119 Fla. 839, 161 So. 729.
The question propounded by the prosecutor, attempting to elicit whether the arrest in another matter was also for abortion, together with the procedure that ensued, the comments of counsel, and the court's admonition to the jury, was bound to have focused the jury's attention on the topic of whether the other arrest was for abortion. Had the matter ended at this stage, the court's admonition, given on the intercession of defense counsel, would have been adequate to relieve the effect of the improper question. We must recognize that although there is testimony that refers to an arrest on another charge, it does not concern a conviction for a crime.
However, having attempted to elicit into the evidence that there might be another abortion charge pending against the defendant, and having been halted by the court at the instance of the defense, in the face of this proclamation of danger the prosecuting attorney nevertheless unheedingly gave utterance to the objectionable statement. This statement constitutes an emphatic condemnation of the defendant directly charging perpetration of many other acts of abortion aside from the offense on appeal. The record reveals no basis to justify this statement made by the county solicitor. The admonition by the trial judge to the jury, in his words, was "to disregard the Solicitor's reference to such alleged conduct on the defendant's part and instructed them that the only matter they had to consider and decide was the charge involved in the case before them." We cannot say, in view of the admonition to the jury and the reason therefor given in the first instance, that the latter admonition concerning the injection of improper argument cured the harmful impact on the jury, nor can we say upon consideration of the record that such remark was non-prejudicial.
Reversed for new trial.
ALLEN, C.J., and SHANNON, J., concur.