RAWLS, Judge.
Appellant, Benjamin Solomon, defendant in the Circuit Court of Madison County, Florida, was indicted by the Grand Jury *80 of said County for the offense of unlawful possession of approximately three pints of moonshine whiskey. This indictment charged that the defendant had been previously convicted on May 2, 1959, of a violation of the beverage laws of the State of Florida. From a conviction of the charges set out in the indictment, and a denial of motion for new trial, defendant has appealed.
Defendant was indicted, arraigned, and entered his plea of not guilty on the 28th day of March 1961. He was placed on trial the following morning (March 29, 1961) and convicted. At 1:45 P.M., March 29, 1961, counsel for defendant made his first appearance before the Court and moved for an extension of time within which to prepare a motion for new trial, which motion for extension was granted. Counsel subsequently filed an unverified motion for new trial alleging that at the time of his arraignment and plea of not guilty defendant advised the court that although he had endeavored to do so he had yet been unable to procure counsel to represent him in the case; that he had reached an attorney living in Lake City who had agreed to come to Madison and would appear before the court on defendant’s behalf on the following afternoon, March 29, 1961, at 2:30 P.M.; that defendant requested the court to delay the commencement of his trial until after the arrival of his attorney; and that despite such request defendant was nevertheless placed on trial the following morning and a verdict of guilty was rendered by the jury before the noon recess was reached. The motion for new trial points to other alleged errors involving the procurement, execution and service of the search warrant under which the incriminating evidence against defendant was procured. Factual matters contained in the motion for new trial, if true, have considerable merit. However, it is elementary that factual matter contained in a motion for new trial, but not otherwise found in the record, cannot be considered unless the motion is verified.[1]
The primary question to be decided is whether this defendant had a fair and reasonable opportunity to prepare for trial, including adequate time to procure counsel, consult with him, compel attendance of witnesses if necessary, and investigate and prepare his defense preliminary to the trial.
We find from a review of the record of the instant cause that this defendant was denied this organic right.
Section 11, Declaration of Rights, Florida Constitution, F.S.A., guarantees that an accused in a criminal prosecution shall have the right to be heard by himself or by counsel. While the defendant in this case is not entitled by law to appointment of counsel, he does have an organic right to be represented by a lawyer of his own procurement. This right necessarily carries with it the right to have a reasonable time in which to prepare for trial[2] and such has been recognized by the courts of this State since 1910.[3] Likewise, as recent as 1963[4] the Florida Supreme Court has held that the facts and circumstances of the case must be considered in determining what is a reasonable time. We are particularly impressed with the two comprehensive opinions [5] recently rendered by the Supreme Court of Florida speaking through Mr. Justice Thornal who reviewed decisions of this jurisdiction which reflect that the rights of defendants to have adequate time within which to procure counsel and prepare their defense have always been jealously guarded.
*81 In the case of Christie v. State[6] it was held that 15 days between arrest and trial was insufficient time although the accused had secured counsel within three days after arrest but thereafter had been removed to a jail one hundred miles away where he remained until the day preceding trial.
In Coker v. State [7] even though defendant was represented by counsel, it was held that indictment, arraignment and immediate trial, all on the same day without permitting the defendant the privilege of examining the charge or time for preparing his defense, was a denial of due process.
The right to obtain counsel is not dependent upon the heinousness of the crime as was illustrated in the Tilghman cases [8] where Tilghman was prosecuted for breaking and entering with intent to commit grand larceny. Tilghman was arrested May 1, 1950, information filed May 31, 1950, and notification was given on June 7 or 8 that the case would be tried June 15, 1950. Although the Florida Supreme Court (51 So.2d 785) held that there was no abuse of discretion in the trial court’s denial of defendant’s motion for a continuance, even the State admitted subsequently before the United States District Court that the notice to Tilghman preceding his trial was insufficient, with the result that Tilghman was deprived of his right to obtain counsel.
The state urges that the record, does not show any request by the defendant for the presence of his counsel, or a request for a continuance or any claim of inability to represent himself adequately, and, therefore, a presumption of the correctness of the proceeding must be indulged in by this Court. Admittedly the record proper does give rise to that presumption, but no such presumption could prevail where, as in this case, defendant was informed of the felonious charges that he was called upon to defend, tried upon these charges and convicted within a twenty-four hour period of time. This is particularly true in view of the nature of the charge and the application of technical principles of law relating to searches and seizures, and the admissibility of the evidence procured by such search which could only have been known to one skilled in the practice of criminal law.
We could speculate that events might have transpired in proceedings prior to the indictment, such as an arrest and charges placed against defendant at an earlier date, and that the trial court took this into consideration in ordering the defendant to go to trial within such a short period of time. However, this court is confined to those matters properly appearing in the record, and it would be as presumptuous on our part to assume that such an arrest occurred as it would be to assume that the alleged facts set out in the motion for a new trial were true.
The State urges that the doctrine laid down in Reed v. State,[9] wherein the plaintiffs in error were indicted one day for first degree murder, tried and convicted the next day, should control in the instant cause. Insofar as it is authority in this case, the key question presented in Reed v. State was the indicting and arraigning of defendants one day and their being placed on trial the next day. There, the record disclosed that defendants were represented by counsel and that each defendant announced that he was ready for trial.
Such was not the situation in the instant case, and we find that the action of the trial court in requiring this defendant to go to trial in such a short period of time was error in that it denied him a fair and reasonable opportunity for preparing for trial or procuring counsel. For this reason the *82 judgment and sentence of the court is hereby-set aside and the cause remanded for a new trial.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.

. White v. State, 121 Fla. 128, 163 So. 403 (1935); Ailer v. State, 114 So.2d 348 (Fla.App.1959).

. Cash v. Culver, 122 So.2d 179 (Fla.1960); Coker v. State, 82 Fla. 5, 89 So. 222 (1921).

. Moore v. State, 59 Fla. 23, 52 So. 971 (1910).

. Cash v. Culver, supra, 122 So.2d p. 185.

. Cash v. Culver, 120 So.2d 590 (Fla.1960) and 122 So.2d 179 (Fla.1960).

. Christie v. State, 94 Fla. 469, 114 So. 450 (Fla.1927).

. Coker v. State, supra, note 2.

. Tilghman v. State, 51 So.2d 785 (Fla.1951); Tilghman v. Mayo, 82 So.2d 136 (Fla.1955).

. Reed v. State, 94 Fla. 32, 113 So. 630 (1927).