O’CONNELL, Justice.
In response to the request of the petitioner, Samuel Kovner, this Court’s writ of habeas corpus issued commanding the respondent to file thereto his return. Respondent has complied with the writ.
The petition for the writ contained some complaint because of the failure of the trial court to appoint counsel to represent petitioner. Our writ was not issued on- that ground, it having been o'ur opinion the petition contained insufficient allegations to warrant issuance of the writ on such ground.
Rather, our decision to issue the writ was based upon our concern with whether or not petitioner had been denied the organic right to have reasonable time in which to prepare for trial. This concern was predicated upon petitioner’s allegation that on one day he was arraigned on the charge of attempt to escape, pleading not guilty, and on the following day he was tried on the charge.
Respondent’s return has been duly considered and we have reached the conclusion petitioner has been deprived of no organic right.
Petitioner was serving a term of imprisonment in the state penitentiary when he committed the offense of attempt to escape on September 1, 1959. His attempt failed and his detention was continued in the prison under the same, prior commitment. On October 30, 1959 an information was filed charging petitioner with the escape attempt. On November 9, 1959 he was brought into open court for arraignment and thereupon entered his plea of “not guilty.” The following day, November. 10, 1959, the case came on for trial.
Minutes of the proceedings indicate that when the case was called the State announced it was ready for trial, whereupon petitioner “announced ready for trial.” The proceedings then continued. The court denied motion made at the close of the State’s case by the petitioner for directed verdict and subsequently the jury returned its verdict of guilty. Petitioner is currently serving the sentence he received for this conviction.
In Solomon v. State, Fla.App.1962, 138 So.2d 79, 80 it was held that the judgment should be set aside and the cause remanded for a new trial because the accused had been denied his organic right, which the court described as:
“ * * * a fair and reasonable opportunity to prepare for trial, including adequate time to procure counsel, consult with him, compel attendance of witnesses if necessary, and investigate and prepare his defense preliminary to the trial.”
The court related this right to Sec. 11, Declaration of Rights, Florida Constitution, F.S.A., which guarantees that an accused in a criminal prosecution shall have the right to be heard by himself or by counsel. See also Sec. 909.20, F.S.A.
The accused in Solomon, supra, was arraigned on one day, pleading not guilty, and was forced to undergo trial the following day. However, unlike the petitioner in this case, he did request the court to delay commencement of his trial until after the arrival of his counsel, who was expected to arrive the afternoon of the very day the trial was held. His request was denied.
*552 The petitioner in this case, as reflected by the minutes of the proceedings, instead of expressing to the court his unwillingness to go on trial at that time and requesting a continuance, announced to the trial court at the commencement of the proceedings that he was “ready for trial.”
In both Reed v. State, 1927, 94 Fla. 32, 113 So. 630 and Brown v. State, 1934, 116 Fla. 587, 156 So. 606, it was held that there had been no denial of the right to time to prepare for trial where the defendant announced to the court his readiness for trial. In each of those cases, however, the defendant was represented by counsel when the cause came on for trial, whereas the petitioner herein was not.
This Court in Brown, 156 So. 606, 607, supra, stated that:
“There is no general principle of law fixing the exact time which must elapse between the finding of an indictment and the beginning of a trial thereon. Such matters are left to the sound discretion of the trial court to be controlled by what is fair, right, and reasonable in each particular case. * * * ”
See also Reed, 113 So. 630, 637 where it was said that in the absence of any showing in the record to the contrary, and in the absence of any request for further time, this Court would not be authorized to presume that the court below did not allow sufficient time. The Court further said in Reed that the presumption would be, in the absence of a request for further time, it was neither needed nor desired.
Even though this petitioner was not represented by counsel at the time he went to trial, we are of the opinion he cannot now complain of the short interval which elapsed between his arraignment and the trial, for not only did he not object to such or request further, time, he actually announced to the court his readiness to go on trial.
Petitioner has not shown an abuse of the trial court’s discretion in setting the trial for the day following the arraignment. We presume that since petitioner neither objected to this nor requested further time, he neither desired nor needed it. Thus, he was denied no right to time in which to prepare for his trial.
Accordingly, the writ of habeas corpus heretofore issued should be, and hereby is, discharged and the petitioner remanded to the custody of the respondent.
ROBERTS, C. J., and TERRELL, THOMAS and CALDWELL, JJ., concur.