176 So.2d 116 (1965)
Wayne H. BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. G-63.
District Court of Appeal of Florida. First District.
June 10, 1965.
Wayne H. Brooks, in pro. per.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
*117 RAWLS, Judge.
After trial by jury, Wayne Brooks was adjudged guilty of attempt to escape and sentenced to serve a prison term of five years. He now appeals from an order denying his motion for new trial, and inter alia assigns as error "That the trial court erred in denying a `motion for continuance' which was made by defense counsel so as to enable the appellant sufficient time in which to summons the witnesses that the public defender had neglected to summons. Also causing appellant to be inadequately represented."
Essential facts pertaining to the above assignment of error are: On May 22, 1964, at arraignment, Brooks was adjudged to be insolvent. The Court advised him that he would appoint the public defender to represent him, to which Brooks objected stating that the public defender had already told him that he was guilty, and he [Brooks] wanted the court to appoint another attorney. The court in noting that the public defender was eminently capable, refused Brooks's request. We pause at this point to observe that this record amply supports the trial court's action. Trial was set for 9:30 A.M. on June 1, 1964 and the record does not reflect a resetting of the trial. On June 4, 1964, the public defender advised the court that Brooks was dissatisfied with his representation and requested that the court appoint counsel to represent Brooks, stating that he would continue to represent a co-defendant, one Thurman Dallas Metcalfe. The court granted the public defender's request and appointed a member of the bar, James Tomlinson, Esq., to assist the public defender in the trial by representing Brooks.[1] On the next day, June 5th at 9:30 A.M. defendant Brooks was brought to trial and prior to selection of the veniremen, Attorney Tomlinson made the following motion:
"MR. TOMLINSON: Comes now the defendant, Wayne Brooks, and moves this Court for a continuance of this cause and for grounds for such Motion says: (1) That his attorney, James L. Tomlinson, was appointed by the Court to defend said defendant at approximately 3:45 p.m. on the day next preceding this trial. As a result thereof, said attorney has not had an opportunity to adequately prepare defendant's defense."[2]
to which the state responded as follows:
"MR. FUTCH [Assistant States Attorney]: I'll say this, your honor, this case was set for trial sometime ago and on May 22nd, at which time the Public Defender was appointed to represent this defendant. However, in fairness to Mr. Tomlinson, if he was only appointed by this Court yesterday afternoon to represent this defendant, the State feels that he is entitled to a continuance and should not be made to go to trial today."
Thus we are squarely presented with an uncontroverted factual situation which discloses that the following events transpired in less than 24 hours prior to trial: (1) Defendant's attorney was relieved of his responsibility by the court. (2) New counsel was appointed by the court to represent defendant. (3) Defendant's new counsel moved for a continuance on the ground that he had not *118 been afforded an adequate opportunity to prepare a defense for defendant. The organic right to be represented by counsel necessarily carried with it the right to have a reasonable time in which to prepare for trial. Here, the trial court determined on the day prior to trial that it was in the interest of justice to relieve defendant's counsel of his duties[3] and concurrently held that defendant was entitled to the services of other counsel, which the court appointed. Once having determined that defendant was entitled to Tomlinson's services, the court, in order to comply with the provisions of Section 11, Declaration of Rights, Florida Constitution, F.S.A., should have granted counsel a reasonable time to prepare for trial.
Judge Wigginton, speaking for this Court in French v. State[4] set out the fundamental rule applicable here wherein he stated:
"The right to the appointment of counsel under the circumstances herein considered is not a sham or hollow right amounting to a superficial gesture in order to lend color of compliance with constitutional guarantees. The right is a real and substantial one to be accorded in such manner as to fully meet the purpose, spirit and intent of those provisions of organic law which guarantee due process."
We conclude that under the foregoing circumstances the trial court's actions in denying counsel's motion for continuance was an abuse of discretion and resulted in a deprivation of a fundamental right on the part of defendant.
The cause is reversed with directions to grant a new trial.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] The record reflects that Brooks was not cooperative with the public defender and that he filed motions and otherwise represented himself pro se during the period of time that the public defender was acting as his attorney. This opinion is not to be taken as authority for the proposition that the trial court under these circumstances was under a duty to appoint additional counsel to represent Brooks. See Brooks v. State of Florida, 172 So.2d 876 (Fla.App.1st, 1965.)
[2] In a colloquy with the court Mr. Tomlinson stated: "I feel that I should have more time, Your Honor, to adequately research the law involved in this case, and I feel that I should have adequate time in which to elicit from Mr. Brooks as to whether or not other witnesses should, in fact, be called on his behalf."
[3] This is not a situation as was presented in Wilder v. State, 156 So.2d 395 (Fla. App.1st, 1963), where the trial court properly exercised its discretion in refusing to discharge court appointed counsel.
[4] French v. State, 161 So.2d 879 (Fla.App. 1st, 1964). Also see Solomon v. State, 138 So.2d 79 (Fla.App.1st, 1962) wherein we stated: "This right necessarily carries with it the right to have a reasonable time in which to prepare for trial and such has been recognized by the courts of this State since 1910."