184 So.2d 486 (1966)
Fred HAWKINS, Jerome Wilkerson, Joe Lewis Young, and Ronald Von Taylor, Appellants,
v.
STATE of Florida, Appellee.
Fred HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
Jerome WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
Joe Lewis YOUNG, Appellant,
v.
STATE of Florida, Appellee.
Ronald VON TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
Nos. G-425-G-429.
District Court of Appeal of Florida. First District.
March 15, 1966.
*487 Robert P. Miller, Asst. Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
Appellants by this appeal from a judgment of conviction of breaking and entering with intent to commit a felony urge that the trial court's refusal to grant their attorney's motion for continuance was an abuse of judicial discretion and error. We agree and reverse.
On January 29, 1965 the trial court, having been informed of the withdrawal of appellants' initial attorneys, appointed the Public Defender to represent appellants who were arraigned on said date. The trial was set for March 1, 1965, and for some reason not disclosed by the record, trial was commenced on March 4, 1965. On March 3, 1965, the Public Defender, during the recess of another criminal trial, requested a continuance in this cause by oral motion. This motion was reduced to writing by the Public Defender and filed immediately prior to trial on March 4, 1965. The subject motion alleged that the defendants, Fred Hawkins and Jerome Wilkerson, were removed from Volusia County to Raiford prison immediately after arraignment without the Public Defender having an opportunity to counsel with them, and that they remained there until the late hours of the night Tuesday, March 2nd, or the early hours of Wednesday, March 3, 1965. It further alleged that the Defendant Ronald Von Taylor after arraignment on January 29, 1965 was removed from Volusia County and "incarcerated obstensibly in the Orange County jail and has not even yet been returned to Volusia County, Florida." (It appears that these defendants were respectively serving sentences in Raiford and Orange County.) Other allegations in the motion for continuance stated that during the entire month of February, 1965 the Public Defender had been engaged with criminal arraignments, sentences and trials and that it was impossible for him to travel to Raiford to confer with his clients. In arguing the motion, the Public Defender stated that at the time the defendants were arraigned on January 29, 1965, he was engaged in arraignments of some 40 or 50 other defendants and that he had not seen these defendants before that time and had not seen them since; that Hawkins and Wilkerson were brought back on Tuesday (March 2nd), or the early hours of Wednesday (March 3rd); that he was in trial all day Wednesday; that it was only until late yesterday (the day before trial) that he was even able to talk to them; and that he didn't know what defense they would offer and was unable to subpoena witnesses if any be required. He further stated that he had not possessed the facilities or the time to go to Raiford and confer with these defendants prior to this date and in effect that he was not prepared to go to trial. The Public Defender pointed out that the court had a light calendar the following week in that four days would probably be free and unhampered and if the court would continue this case until the following week, in his opinion, he would have adequate time to confer with the defendants and go to trial. The State Attorney opposed the motion for continuance on the basic ground that the March 1st trial date had been set since the 29th day of January; that the Public Defender knew of the setting of this trial; that if he had desired at any time to have these defendants brought back to Volusia County, all that was required *488 of him was to make such a request which he had not done; and that there comes a time when we have to "`fish or cut bait in these cases" and in his opinion defendants' rights had not been violated.
The trial judge was squarely confronted with a representation by the attorney he had appointed to represent these defendants that he, the attorney, was not prepared to go to trial. The State did not controvert the Public Defender's representation that he was not adequately prepared to defend the defendants. The State's position is that the derelictions, if any, on the part of the Public Defender in this, uncontroverted part of the record must be visited upon the defendants. Such position cannot be sustained. It is elemental that an indigent's right to counsel necessarily incorporates the right to effective assistance of counsel and that anything less renders the ensuing trial a farcical and mockery proceeding. In Brooks v. State,[1] we observed that:

"Defendant's new counsel moved for a continuance on the ground that he had not been afforded an adequate opportunity to prepare a defense for defendant. The organic right to be represented by counsel necessarily carried with it the right to have a reasonable time in which to prepare for trial."
We cannot help but observe that the trial judge patiently and judiciously presided over this lengthy trial which was ably prosecuted by the State Attorney, diligently defended by the Public Defender, and in which the evidence reflects intelligent and efficient work on the part of law enforcement officers, so it might be said to be unfortunate that such proceedings must be reversed on a technicality. However, the technicality here involved is a fundamental constitutional right that has been jealously guarded by the courts of this State over many years and which must continue to be preserved if the spirit and purpose of due process are not to be defeated.
Reversed with directions to grant a new trial.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] Brooks v. State, 176 So.2d 116 (Fla.App. 1st, 1965). See also French v. State, 161 So.2d 879 (Fla.App.1st, 1965), Solomon v. State, 138 So.2d 79 (Fla. App.1st, 1962), and cases cited therein.