SACK, Judge.
This is an appeal by the appellant from a final judgment of conviction for robbery.
The defendant was informed against by the State Attorney on July 29, 1964. At that time the defendant was incarcerated in Raiford State Prison for other unrelated matters. On August 4, 1964, the lower Court ordered the defendant’s return from Raiford for arraignment. On August 7, 1964, defendant was so returned and arraigned and he made formal application for appointment of counsel. An order was entered appointing the Public Defender of Volusia County as counsel and trial was set for September 21, 1964.
Defendant was again returned from Raiford on or about the evening of September 20, 1964, or the morning of September 21, 1964. On September 22, 1964, the trial date, the Public Defender filed a Motion for Continuance. The gist of the Motion was that at the time of the arraignment the Public Defender did not have time to confer with the defendant, because of the pressure of other arraignments being held at the same time; that he had not had time to go to Raiford for a conference; that the matter could not be handled by correspondence because mail to and from the State Prison was censored, and he concluded :
“Now, in addition thereto I will add the addenda that I have been unable to intelligently study the merits of the case in order to frame motions for a bill of particulars, or other appropriate motions which were to be filed within thirty days after August the 7th, 1964, by reason of no communication or conference with this defendant.
“Now, as I said before in my initial statement to the Court, this is the situation that on the one hand is unfair to the State because the State has gone to the expense and trouble of subpoenaing the witnesses from Jacksonville, and from other parts of the State, it has gone to the expense of having called the venirement of the Jury here to try a case today. At the same time, here is the defendant saying that he cannot have an intelligent presentation of his defense by the Public Defender, because he has not had time to prepare his case and to fairly and squarely meet the issues by evidence and testimony of the witnesses.
“It is a product, I suggest to Your Plonor, of the actual lack of intelligent forethought in the enactment of the Public Defender Act in not providing for the method of communication between an attorney and client in situations of this sort, or providing the funds whereby they can be done. At the same time, there could be some blame laid on his hasty return to Raiford without having communicated while he was here before.
4: 4C
“I don’t know the answer to the situation, because nobody can deny that myself as Public Defender does not have the time to go to Raiford to confer with prisoners, because of the work schedule I have here. At the same time I feel that the man is entitled to have an intelligent presentation of his defense after having conferred with counsel.”
A reading of the Public Defender’s Motion clearly shows that the facts, as he details them, are not the unsupported views of the defendant, but the verified statement of counsel himself that, under the circumstances of the case, he could not effectively represent the defendant at the trial.
This case, in all respects, falls within the facts and the spirit and meaning of the *369 holding of this Court in Hawkins v. State, 184 So.2d 486 (Fla.App.1966), decided after the trial of the instant case, in which we said:
“It is elemental that an indigent’s right to counsel necessarily incorporates the right to effective assistance of counsel and that anything less renders the ensuing trial a farcical and mockery proceeding.”
For the reasons stated in Hawkins v. State, supra, the judgment below must be reversed with directions to grant a new trial.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.