389 So.2d 216 (1980)
STATE of Florida, Appellant,
v.
Robert PRESLEY, Appellee.
Nos. 77-1825/T4-7, 77-2398/T4-7A.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Rehearing Denied October 20, 1980.
*217 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Michael Dubiner, Asst. Public Defender, West Palm Beach, for appellee.
SHARP, Judge.
The State of Florida appeals the lower court's dismissal of a second degree murder charge against the defendant, Robert Presley; and Presley appeals the court's denial of his motion to suppress his confession. The two proceedings were consolidated on appeal. We affirm the denial of Presley's motion to suppress but we reverse the dismissal of the second degree murder charge.
Presley's accomplice or co-perpetrator of a robbery of the Howard Vernon Motel was shot and killed by a police officer while attempting to flee the scene of the crime. Presley was charged with second degree murder. After his arrest, Presley gave three incriminating statements to police officer Ferguson. He made the statements after Ferguson told him to tell the truth, and that if a murder charge "was not factually justified, that the court or the judge would do away with it." Even if Presley was induced by Ferguson's statements to make his confessions, no misrepresentations were made to him, and he was adequately warned as to his constitutional rights. There was sufficient evidence to support the trial court's finding his statements were freely and voluntarily made. Paramore v. State, 229 So.2d 855 (Fla. 1969).
Presley made earlier incriminating statements to police officers Aldrich and Grimm. He admitted being with the accomplice but denied any involvement in the crime. The trial court excluded these statements because it appeared Presley was intoxicated when he made them, and did not *218 intelligently waive his rights. He made the other statements twelve hours later, after being given a full explanation of his rights, when he was not intoxicated.
Where two confessions have been given, the mere fact that the first confession may have been obtained as a result of improper influence does not necessarily make inadmissible a subsequent confession, provided there has been a showing that the improper influences have been removed.
State v. Holt, 354 So.2d 888, 890 (Fla. 4th DCA 1978), cert. denied 361 So.2d 832 (Fla. 1978), appeal dismissed 361 So.2d 832 (Fla. 1978). In this case there also appears no basis to conclude the earlier statements "contaminated" the later ones in any way.[1] In Presley's first statement, he denied participation in the crime. We reject Presley's argument that his first statement let "the cat out of the bag" and psychologically pressured him to make the later statements.[2]
The final point in this appeal was recently decided by the Florida Supreme Court in favor of the State. Even though the deceased was Presley's accomplice in the robbery, and not an "innocent victim," Presley can be charged with second degree murder under section 782.04(3), Florida Statutes (1975).[3]Mikenas v. State, 367 So.2d 606 (Fla. 1979). Accordingly we reverse and remand this case for trial.
AFFIRMED in part; REVERSED and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] State v. Outten, 206 So.2d 392 (Fla. 1968).
[2] Compare United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947).
[3] Section 782.04(3), Fla. Stat. (1975) provides:

When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s.775.082, s.775.083, or s. 775.084.