407 So.2d 382 (1981)
Larry HARLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AC-385.
District Court of Appeal of Florida, First District.
December 18, 1981.
*383 Charles Friend, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
PER CURIAM.
Harley appeals from the final judgment imposed on 116 counts of uttering forged instruments. He raises three points for our consideration. First, whether the court abused its discretion in granting a motion for continuance made by the state. Second, whether the court erred in requiring him to go to trial on 109 new counts of uttering with only seven working days notice of the additional charges. Third, whether the court erred in failing to exclude from evidence the defendant's recorded statement.
Harley was arrested on September 6, 1980 on 116 charges of uttering a forged instrument. At that time he waived his Miranda rights and voluntarily spoke with the authorities. During his interrogation the investigating officer indicated that he would charge Harley with only seven counts, however it would be up to the state attorney's office whether additional charges would be filed. Harley then gave a recorded statement that he had passed the 116 checks at the locations indicated.
Harley was charged by information with seven counts of uttering. The public defender's office was appointed, but later withdrew from representing him. Private counsel was appointed as a special public defender and a trial was set for February 19, 1981. At a pretrial conference on February 18th, appellant noted that at trial he would object to any reference to checks other than the seven checks charged on the ground that the state had not filed a notice of similar fact evidence as required by statute. On February 19th, the state orally moved for a continuance. That motion was granted.
On February 20, 1981 a hearing was held to set a new trial date. At that hearing the state indicated that it intended to file 109 additional counts against Harley. The state requested the trial be set prior to the expiration of the speedy trial period which would occur on March 5, 1981. Defense objected going to trial so quickly on the new charges arguing there was not sufficient time to prepare a defense. Trial was set within the speedy trial period, however, the court noted that there may not be sufficient time for defense counsel to prepare against the additional counts.
An amended information was filed on February 27, 1981 charging Harley with 116 counts of uttering. Trial was held on March 3, 1981 on all 116 counts, over the defendant's protest that he had not had sufficient time to prepare. The defendant's recorded statement was introduced as evidence over his objection that the statement was induced by the promise of the investigating officer that Harley would only be charged with passing seven checks. The jury returned a verdict of guilty on each count. Under the facts of this case we find it was error for the trial court to require Harley to go to trial on the amended information on March 3, 1981.
The Supreme Court has repeatedly held that not only does due process require that a defendant is entitled to the benefit of counsel but that it is a denial of the defendant's *384 constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel. White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348, 1352 (1945). This court has long recognized and protected defendant's right to adequate representation. In Brooks v. State, 176 So.2d 116 (Fla. 1st DCA 1965), we held the right to be represented by counsel necessarily carries with it the right to have a reasonable time in which to prepare for trial. In Hawkins v. State, 184 So.2d 486 (Fla. 1st DCA 1966), we stated that it is elemental that an indigent's right to counsel necessarily incorporates the right to effective assistance of counsel. And in Kimbrough v. State, 352 So.2d 925 (Fla. 1st DCA 1977), we noted that timely appointment and opportunity for adequate preparation are absolute prerequisites for counsel to fulfill his constitutionally designed role of seeing to it that available defenses are raised and the prosecution put to its proof.
In the present case, we find that the defendant was denied his right to the aid and assistance of prepared counsel at trial. Through no fault of the defendant, the attorney originally appointed to represent him was required to withdraw from that representation due to a conflict. New counsel was appointed and assisted the defendant in the preparation of his defenses to the seven counts charged. The filing of 109 additional charges on the 174th day of the 180 day speedy trial period did not allow sufficient time for counsel to investigate and prepare defenses to these independent additional charges. Under the circumstances of this case, it was error for the trial court to force the defendant to choose between his right to a speedy trial and his right to have a fair opportunity to prepare his defenses. See Sumbry v. State, 310 So.2d 445 (Fla. 2nd DCA 1975). Accordingly, we reverse the convictions.
In light of our reversal of the convictions, we find it unnecessary to address the issue of whether the trial court erred in granting the state's motion for a continuance. However, we will address the voluntariness of the recorded statement introduced at trial. A confession of guilt freely and voluntarily made is not rendered inadmissible because it appears to be induced by deception. Paramore v. State, 229 So.2d 855 (Fla. 1969). Even if a statement is induced by comments of the interrogating officer, if those comments do not constitute misrepresentation and the accused is adequately warned of his constitutional rights, the statement may be freely and voluntarily made. State v. Presley, 389 So.2d 216 (Fla. 5th DCA 1980).
In the present case, Harley was twice read his Miranda warnings prior to the giving of the statement, he signed a written waiver of his constitutional rights, and at the close of his recorded statement he stated that his statement was not a product of any promises, threats or coercion. The interrogating officer's statement that he would only charge Harley with seven counts at that time, and that it would be up to the state attorney's office if any additional checks would be charged on him, was not a misrepresentation. The trial court heard the evidence, observed the witnesses, adjudged their credibility and concluded that the statement was freely and voluntarily given. We would not disturb that finding as the record discloses that a preponderance of the evidence supports that conclusion. McDole v. State, 283 So.2d 553 (Fla. 1973); Finley v. State, 378 So.2d 842 (Fla. 1st DCA 1979).
Reversed and remanded for proceedings consistent with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.