WIGGINTON, Judge.
Appellant appeals his conviction, after trial by jury, of armed robbery, contending that the trial court erred in denying the motion to suppress his oral statements and in giving a certain instruction to the jury. We affirm.
After appellant was arrested and taken to the police station, Detective Hill of the Sheriff’s office, read him the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant asked to speak with Ellis Dean, an agent for the Federal Drug Enforcement Agency, whom appellant had been assisting as an informant. Hill called Dean, who came to the station about three hours after appellant had requested to talk with him. Dean did not read appellant. his Miranda rights. Appellant did not immediately make any statements to Dean concerning the robbery, but after Dean mentioned appellant’s personal situation, particularly his financial problems and family difficulties, appellant broke down, cried, and admitted his participation in the robbery as a lookout. According to the testimony of Hill and Dean, appellant never asked to speak with an attorney during his interrogation. The two officers testified that they did not trick appellant into making his confession. Appellant knew that Dean was a federal law enforcement officer.
Appellant contends that the trial court erred in denying his motion to suppress his statements to Dean since Dean did not give him the Miranda warnings and did not apprise him of the fact that he was acting not as a friend but as a policeman attempting to obtain a confession. We disagree. This case is distinguishable from, the circumstances in Deconingh v. State, 433 So.2d 501 (1983), upon which appellant relies. In Deconingh, unlike here, the trial court found that Deconingh was not informed of her Miranda rights, she did not understand her rights and did not make her statement voluntarily or knowingly, and she was “upset, crying, confused, disoriented, under medication, and hysterical.” Thus, her mental and emotional distress prevented her from effectively waiving her rights so that her statement was not voluntarily or knowingly given. The instant case more closely parallels the situation in Halliwell v. State, 323 So.2d 557 (Fla.1975), where several hours after the defendant was formally charged and given his Miranda warnings, he was visited by a personal friend who was a police officer. During the visit and in response to the friend’s inquiry, Halliwell admitted committing the murder. *241 The court rejected appellant’s “personal friend” argument, citing State v. Oyarzo, 274 So.2d 519 (Fla.1973), and stated:
We held that friendly and courteous treatment of a prisoner after Miranda warnings did not invalidate the warnings nor taint a subsequent confession made with the belief that the defendant was among friends. After being warned of his rights, admissions of guilt made by a defendant to anyone not privileged (such as his attorney) may be used subject to proper legal objections, such as duress or mental incapacity.
As this Court declared in Harley v. State, 407 So.2d 382 (Fla. 1st DCA 1981):
Even if a statement is induced by comments of the interrogating officer, if those comments do not constitute misrepresentation and the accused is adequately warned of his constitutional rights, the statement may be freely and voluntarily made. State v. Presley, 389 So.2d 216 (Fla. 5th DCA 1980).
In the case sub judice, appellant was adequately informed of his constitutional rights and his admission to Dean was knowingly and voluntarily made. There was no error in its being admitted into evidence.
Appellant also seeks review of the trial court’s giving of a jury instruction, over objection, on the subject of “flight” as circumstantial evidence inferring guilt. Although the giving of that instruction was error because it placed undue emphasis on the proof of flight evidence and was confusing to the jury,[1] we find it to be harmless in this case in view of the overwhelming evidence of guilt.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.

. In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 6 FLW 305 (Fla., Opinion filed April 16, 1981).