# STATE OF FLORIDA v. BRUMLEY
## Case No. 84-6389 CF 10
Seventeenth Judicial Circuit, Broward County

January 9, 1985

### APPEARANCES OF COUNSEL

**Marc A. Gordon,** Assistant State Attorney, for plaintiff.

**Norman D. Zimmerman** for defendant.

### OPINION OF THE COURT

### ORDER ON DEFENDANT'S MOTION TO SUPPRESS INCRIMINATING STATEMENT

J. LEONARD FLEET, Circuit Judge

Defendant, Thomas Gish Brumley, has filed a Motion to Suppress the incriminating statement given by him to Detective Leo Koloian and Fire Inspector Rodney Thomas.

In the evening hours of June 8, 1984, a residence owned by the Defendant's parents, but cared for by Defendant in their absence from Broward County, caught on fire. After the flames were extinguished, Fire Inspector Thomas ascertained, from an inspection of the premises, that the point of origin of the fire was a storage area underneath the stairs where a combustible material had ignited. Inspector Thomas found no reason to suspect that the fire was deliberately set.

Defendant, who had come to the scene after having learned of the fire through his grandmother, was questioned by Inspector Thomas; neither the answers given by, nor the demeanor of, the Defendant at the scene of the fire aroused any suspicions within Inspector Thomas that defendant had committed any criminal act in regards to the fire. Detective Koloian, who was at the scene as part of standard procedure apparently, did not have any of his suspicions aroused by any conduct of, or conversation with, the accused at the scene of the fire.

After Koloian and Thomas had completed their work at the fire scene, Defendant was requested to come to police headquarters for the purpose of furnishing a statement as to any relevant information that may have been in his possession. Defendant complied with the request that he go to police headquarters and he drove himself there in his own automobile. Defendant, at the time he went to the police station and at all times prior to the making of his incriminating statement, was not under arrest by virtue of anything said by any law enforcement officer nor was his freedom of movement in any fashion restricted.

At headquarters, Defendant made a statement to Detective Koloian and Inspector Thomas to the effect that he had been at the premises on the evening, prior to the fire accompanied by his friend, Robert Whitsett. The purpose of his visit was to remove a refrigerator. Once the refrigerator had been removed from the premises, for the purpose of being relocated to the residence of Whitsett, Defendant returned to the interior of the premises to turn out some lights, observed an ash tray in the vicinity of the point of origin of the fire, dumped its contents into a pail under the stairs and left with Mr. Whitsett. Defendant was later called by his grandmother and informed that the subject premises were on fire. Defendant gave Detective Koloian the telephone number of Mr. Whitsett and, in the presence of Defendant, Detective Koloian called Mr. Whitsett for the purpose of verifying the information furnished by Defendant.

Upon the completion of the telephone conversation with Mr. Whitsett, Detective Kolian informed Defendant that there was a discrepancy between what Defendant had said and what Mr. Whitsett told

Detective Koloian, particularly in reference to who had emptied the contents of the ash tray into the container under the stairs which contained the combustible chemical that ultimately caused the fire within the subject premises. When told about the discrepancy between the two statements, Defendant, prior to being informed of his rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and before he had become the focus of a criminal investigation, as defined by *Escobedo v. Illinois*, 84 S.Ct. 1758 (1964), made a statement to the effect that he and Mr. Whitsett had planned to set fire to the premises, that the fire had been deliberately set but that Defendant was the one who had set the fire.

When questioned by Defendant as to whether Mr. Whitsett would be eliminated from involvement in the matter if he confessed, Detective Koloian agreed to such concept. Detective Koloian then, as required by *Miranda v. Arizona, supra,* informed Defendant of his rights as such information was contained upon a card issued by the Ft. Lauderdale Police Department to its members. After reading the card to him, Detective Koloian then advised Mr. Brumley that he could be charged with criminal mischief instead of arson, but that the final decision would be up to the Office of the State Attorney. At this point in time, Defendant exercised the opportunity given him by Detective Koloian to call anyone whom he desired. For reasons not clear in the record, Defendant opted to call Mr. Whitsett rather than an attorney, upon the conclusion of which conversation Defendant then made the statement that he now seeks to suppress.

Defendant, in his testimony, acknowledged that, before making the statement now under attack, he expressly inquired whether he was under arrest—the answer to which question was in the negative—and he was given full opportunity to leave the police station if he so desired without making any incriminating statement. Defendant, in his testimony at the hearing upon his motion to suppress, testified that he was treated in a courteous manner by Inspector Thomas and Detective Koloian, as well as by a uniformed officer identified as Officer Thomas Ogden. The thrust of Defendant's complaint is that his free will was overborn by the representation made to him by Detective Koloian that Defendant would be charged with nothing more serious than criminal mischief and that Mr. Whitsett would not be accused of a crime. There is no argument with the assertion that Mr. Whitsett would not be accused of a crime if Mr. Brumley confessed, but it is flatly denied by both Koloian and Thomas that any promise was made in reference to exactly what charges would be filed against Defendant by the State Attorney.

The function of the Court when presented with the issue of the voluntariness of an incriminating statement is solely to determine admissibility of the attacked evidence. *Jackson v. Denno*, 378 U.S. 368 (1964); *McDole v. State*, 283 So.2d 553 (Fla., 1973). When the accused advances the theory that the incriminating statement was obtained as a result of either coercion or some improper police procedure, the trial judge must make a specific finding that, as a matter of law, the statement was voluntarily made. *Simms v. Georgia*, 385 U.S. 538 (1967); *Melero v. State*, 306 So.2d 603 (Fla. 3rd DCA 1975). The burden of establishing the voluntary nature of the incriminating statement rests solely upon the State. *Williams v. State*, 188 So.2d 320 (Fla., 1973); *Lego v. Twumey*, 404 U.S. 447 (1972). Once the trial judge has determined that the confession has, by a preponderance of the evidence, been shown to be a voluntary act of the accused, the contents thereof are to be submitted to the finder of fact for consideration in conjunction with all of the other evidence in the case.

Mr. Brumley's assertion that he was mislead by either, or both, Detective Koloian or Inspector Thomas is without foundation. In *State v. Presley*, 389 So.2d 216 (Fla. 1st DCA 1980), it was held that no misrepresentation occurred when an interrogating officer told an in-custody accused that he should tell the truth and that if a murder charge ". . . was not factually justified, that the court or the judge would do away with it. . . ." As is the case in the matter *sub judice*, the fact that the accused in *Presley, supra*, had been fully informed in keeping with *Miranda v. Arizona, supra*, served to further eliminate any serious issue of official police misconduct in obtaining the incriminating statement. The principle of *Presley, supra*, has been followed in *Harley v. State*, 407 So.2d 382 (Fla. 1st DCA 1981) and in *Silas v. State*, 431 So.2d 239 (Fla. 1st DCA 1983).

It is the conclusion of the Court that:

(1) the State has more than sufficiently discharged its burden of proof,

(2) the statements made to Detective Koloian and Inspector Thomas were made freely and fairly and in keeping with all precepts of law,

(3) the contents of all statements made by Mr. Brumley to either, or both, Detective Koloian and Inspector Thomas are admissible into evidence as part of the State's case in chief against Mr. Brumley in the matter now before the Court.

The foregoing considered, it is

ORDERED and ADJUDGED that Defendant's Motion to Suppress Confession be, and the same hereby is, DENIED.